EZEKIEL MORRISON *et al.*, Plaintiffs in Error, *v.* THE CITY OF CHICAGO, Defendant in Error.

ERROR TO COOK COUNTY COURT OF COMMON PLEAS.

The charter of the city of Chicago does not permit any property to be burthened exceeding three per cent. in any year, for improvements on streets, etc.

This case is presented, upon the same state of facts, as that preceding it, of *Gibson et al.* v. *The City*, where the point decided in this case, is set out in the statement.

BECKWITH, MERRICK & CASSIN, for Plaintiffs in Error.

E. ANTHONY, for Defendant in Error.

CATON, C. J. The only question which we propose to consider in these cases, arises on the decision of the court, in sustaining the objection made to the evidence offered by the owners of the land, tending to prove that another assessment had been levied and paid upon the same lot for the same year, which, together with this assessment, amounted to more than three per cent., on the valuation of the lot. In this we think the court erred. This question depends on the construction to be given to the proviso to the second section of the seventh chapter of the city charter, which is quoted in the case of *Pease* v. *City of Chicago*, 21 Ill. R. 500, and the opinion is there expressed, that the proviso was designed to limit the power of the city, in making an assessment, to three per cent., upon the valuation of each lot. We now express the opinion, that the limitation is not confined to one assessment for a single improvement, but it was the intention of the legislature to limit the power of the city to three per cent. per annum, in laying assessments upon property, no matter whether the assessment be for one, or many improvements. The legislature intended that no property should be specifically burthened to an amount greater

than three per cent., in any one year, for that class of benefits. The judgment against lot one, in block fifty-three, school section addition, must be reversed.

*Judgment reversed.*