WILLIAM H. POGUE *et al.*, Appellants, *v.* SAMUEL F. CLARK *et al.*, Appellees.

APPEAL FROM BOND.

A technical objection to a bill in chancery, should be specially pointed out in a demurrer.

A defendant cannot complain that a decree pronounced for the payment of two notes of same tenor and amount, does not declare that the note first due should be first paid.

The holders of two notes may join in a bill for foreclosure, where the notes are for the same amount, and the same land in one mortgage is given for their security.

Several persons, having distinct rights against a common fund, may unite in a bill to reach such fund.

Where certified copies of notes, with the mortgage, are referred to a special master, without objection, to ascertain the amount due, whose report is approved by the court, the decree will not be disturbed, where there is no pretense that the notes have been paid.

THIS was a bill filed by appellees, Clark and Whitaker, against the appellants, in the Circuit Court of Bond county, for the foreclosure of a mortgage given by the appellants to the appellee, Samuel F. Clark, on certain described lands supposed to contain two hundred and eighty-eight acres, more or less, to secure the payment of two notes given by the said appellants, (except Emily J. Pogue,) to the appellee, Samuel F. Clark, for the sum of fourteen hundred and four dollars and four cents, each, and one due in twelve months, and the other in two years from date, with ten per cent. interest.

The bill alleges, that the said appellee, Whitaker, is " the present holder of one of the several notes hereinafter mentioned, as the assignee of the said Samuel F. Clark," but nowhere states of which of said notes he is the assignee.

The appellants appeared at the April term of said court, and filed their general demurrer to said bill.

Demurrer was overruled by the court, and appellants excepted.

Default of appellants was entered, and a joint decree rendered by the court for the sum of three thousand four hundred and two dollars and forty-eight cents, against the premises described in the bill—being the full amount due on both notes— in favor of both the appellees, Clark and Whitaker.

Appellants bring this cause to the Supreme Court, and assign the following errors :

1.   That the court below erred in overruling the demurrer of appellants to said bill, inasmuch as the bill filed in this cause fails to show which of said notes the said Whitaker is the holder of, as assignee of Clark.

2.   The court below erred in overruling the demurrer of

appellants to said bill, inasmuch as the bill showing the interests of said appellees to be several, they could not join in one suit for foreclosure of said mortgage.

3. The court below erred in rendering a joint decree against said premises, inasmuch as, if it be true, as alleged in said bill, that the appellee, Whitaker, was the assignee of one of the notes secured by said mortgage, the decree ought to have been several—for the respective amounts due to each of said appellees, Whitaker and Clark, and not for the joint sum due to both of said appellees.

4. The court below erred in rendering said decree without any evidence before the court to authorize the court to render the same.

5. The court below erred in rendering said decree in favor of said appellees, when the same should have been rendered in favor of appellants.

W. H. Pogue, for Appellants.

J. M. Palmer, for Appellees.

Breese, J. The objection to this bill, presented by the general demurrer, that it does not show which note was assigned, is purely technical, and should have been specially pointed out in the demurrer. Both notes were of the same tenor and amount, and both due, and practically, it was no difference which was assigned. It is not for the appellant to complain that the decree does not declare that the note first due should be first paid, it must be a matter of perfect indifference to him. The other party might complain as depriving him of an advantage.

We see no objection to the holders of the two notes joining in a bill to foreclose, as the notes were for the same amounts, and the same land in the same mortgage to secure them. Where several persons have distinct rights against a common fund, they are allowed to file a bill for the purpose of promoting their right against the common fund liable to their demand. *Long* v. *Younge*, 2 Simons, 369.

As to the remaining objection, that the court rendered the decree without any evidence, it appears by the record that the mortgage and certified copies of the notes were referred to the clerk of the court, as special master, to ascertain the amount due and in arrears, who made his report, which was approved by the court. No objection was made to using the copies of the notes as evidence, and the mortgage was an exhibit in the cause. It was not pretended the notes were paid.

The decree is affirmed. *Decree affirmed.*