THE TOWN OF PLEASANT, Plaintiff in Error, *v.* SOLOMON KOST, Defendant in Error.

ERROR TO FULTON.

An assessment of labor, for the repair of roads, is not a tax.

The law of 1845, exempting inhabitants of town and city corporations from road labor outside of their corporate limits, is constitutional, and the inhabitants are not bound to labor outside of their corporate limits, or under other than their corporate authorities.

THIS was an action brought by the town of Pleasant, on complaint of James Lovell, overseer of highways, etc., for a failure on the part of defendant in error to work out or commute two days' road tax assessed against him, with the other inhabitants of said town of Pleasant, in Fulton county, liable to such tax, by the commissioners of highways of said town, after notice, etc.

The case, on appeal from justice's court, was tried at the February term, 1862, of the Fulton Circuit Court, before the judge, a jury being waived by the parties. The plaintiff proved that the defendant was a resident of said town of Pleasant, and of road district No. 2 in said town, and that the defendant, together with all the male inhabitants of said town over the age of twenty-one and under the age of fifty, had been duly assessed and taxed by the commissioners of highways for two days' road labor each, for the year 1861, and that all the steps required by law preliminary to such assessment had been complied with. And it was further proved by said plaintiff, that said defendant had been duly notified by the overseer of highways of road district No. 2, to appear and work, with a shovel as the implement, upon the highways of said town in said road district. That the lists required by law had been delivered by the commissioners of highways to said overseer, and that said overseer of highways gave at least three days' previous notice of the time and place, when and where said defendant would be required to work, and of the implements with which he would be required to work. And it was further proved by the plaintiff, that said defendant

refused to work upon the roads at the time and in the manner specified in said notice, or at any time, either in person or by substitute, or to pay the commutation money in lieu thereof, and that the suit to recover the penalty prescribed by the statute in case of such refusal, was commenced by the overseer of highways, within six days after the refusal of said defendant to appear and work as aforesaid.

The defendant then proved, that he resided in the town of Ipava, within the said township of Pleasant, and within said road district No. 2; that said town of Ipava was incorporated in 1858, as a town under the general laws of 1845 for the incorporation of towns, and that from the time of its incorporation had elected all officers of the town, acted as and claimed to be a town corporate, and, as such, assesses road labor upon the residents thereof, and assumes control of the roads, streets and alleys in said town, and works the same, and that said defendant had been notified within said road district, under the proper town authority of Pleasant, but not by the authorities of the town of Ipava, but outside and more than one mile from the corporate limits of said town. And this was all the evidence offered in the case.

After the trial, a stipulation was filed in this and several other cases, with other parties, involving the same questions, whereby it was agreed by the parties, through their attorneys, " that all the essential facts be considered as proved, on the part of the plaintiff, showing the liability of each of the said defendants in the suit against him, according to the complaint therein filed, unless exempted from such liability by reason of the facts hereinafter specified and considered as proved by said defendants respectively in said suit."

And it was " also agreed by the parties, as aforesaid, that all the essential facts be considered as proved in each of said cases on the part of the defendants respectively, establishing that the town of Ipava, in Fulton county and State of Illinois, was, at the commencement of each and all said suits, a duly and legally incorporated town, organized under the general law of this State for the incorporation of towns, contained in Revised Statutes of 1845, chapter 25; that it was so incor-

porated May 25, 1860, and has ever since continually been and acted as such incorporated town, and was so acting at the date of the commencement of each and all of said suits; and that each and all of said defendants were, at the date of the commencement of each and all said suits, are now, and ever since the 25th day of May have been, residents and inhabitants of said incorporated town of Ipava."

There was no June term of the Fulton Circuit Court held; and the case having, by the court, been taken under advisement by agreement of the parties, the decision was announced at the September term, 1862, for the defendant, to which the plaintiff excepted. Thereupon the plaintiff moved for a new trial, and assigned the following reasons : 1st, the finding of the court was against the law and the evidence; 2nd, the finding should have been for the plaintiff, instead of the defendant. But the court overruled the motion for a new trial, and rendered judgment in favor of the defendant and against the plaintiff for costs, to all of which the plaintiff excepted.

The case is brought to this court by plaintiff below, by writ of error, and the following are the errors assigned :

The finding of the court below was against the law and the evidence.

The finding and judgment below should have been for the plaintiff.

The Circuit Court erred in overruling the motion of plaintiff below for a new trial.

The Circuit Court erred in rendering judgment for the defendant below.

The record and proceedings below are otherwise erroneous and insufficient.

A stipulation is filed, whereby the parties admit that the proofs in the Circuit Court established the liability of defendant Kost, unless he is excused from the road labor tax in the township and road district where he lives, to be worked outside of the corporate limits of the town of Ipava, by reason of his being a resident of the said town corporate of Ipava, which is situated within said township and within the limits

of said road district. And by said stipulation, all insufficiencies and irregularities in the proof on either side, and in the rendition of judgment, are waived, the parties agreeing that the case shall be heard and determined in the Supreme Court upon the point, as to whether the male residents of the corporation of Ipava, over twenty-one and under fifty, are exempted from a road labor tax outside the corporation, but within their township and road district.

JUDD, BOYD & JAMES, for Plaintiff in Error.

The fact of Kost's residence in the corporation of Ipava does not exempt him from the road labor tax of his township, even when required to be worked outside of the corporation. *O'Kane* v. *Treat et al.*, 25 Ill. 557.

The law of 1845, exempting inhabitants of town and city corporations from laboring on roads outside of the corporation, is unconstitutional. *O'Kane* v. *Treat et al.*, 25 Ill. 557.

The State Constitution, Art. 9, Sec. 5, provides that "the corporate authorities of counties, townships," etc., "may be vested with power to assess and collect taxes for corporate purposes; such taxes to be uniform in respect to persons and property within the jurisdiction of the body imposing the same."

This court has decided, in *O'Kane* v. *Treat et al.*, 25 Ill., that the charter of LaSalle, exempting the inhabitants thereof " from paying any tax to procure laborers to work upon any road beyond the limits of the city," etc., is repugnant to the constitution, because the latter requires all "such taxes to be uniform in respect to persons and property within the jurisdiction of the body imposing the same." The decision referred to refers to taxation of property; but the constitution just as imperatively requires uniformity as to "persons," as it does with regard to property. The LaSalle charter exempts property from a township road tax. The law of 1845, as to town and city corporations, exempts persons from a township road tax. The State constitution is just as broad in the one case as in the other; and if the law in the one case is unconstitutional, it certainly must be in the other.

By the township organization law (Laws 1861, page 220, sections 1 and 2,) commissioners and overseers of highways are chosen by the vote of the entire township; and by the same law (Laws 1861, pages 246, 247, sections 1, 7 and 8,) the commissioners of highways have the care of the highways of the township, and are required to assess "not less than one nor more than two days" road labor on "every male inhabitant" over twenty-one and under fifty years old, except paupers, etc. If this law conflicts with that of 1845 referred to, then the law of 1861 must prevail.

L. W. Ross, for Defendant in Error.

WALKER, J. It is urged, that by the 16th section of the chapter regulating incorporated towns, Rev. Stat. 1845, page 114, the defendant in error is exempt from road labor beyond the corporate limits of the village. On the contrary, it is contended that the provisions of that section are repugnant to the constitution. The fifth section of the ninth article of that instrument provides, that taxes levied for corporate purposes shall be uniform as to persons and property, within the limits of such body. If the imposition of labor for road purposes, on individuals irrespective of property, be a tax, then such an exemption from the town burthens might be a violation of this provision, unless the village and the one mile in each direction from its centre, should be regarded as a road district, under the township organization laws.

In the cases of *McBride* v. *The City of Chicago*, 22 Ill. 573, and *City of Peoria* v. *Kidder*, 25 Ill. 351, in reference to an assessment imposed for the purpose of widening streets, a levy of that character is held not to be a tax, although in many respects similar.

An assessment of labor for the repair of roads and streets, is less like a tax than is such an assessment. The former is not based upon, nor has it any reference to property or values owned by the person of whom it is required, whilst the latter is based alone upon the value of property designated by the law imposing it. Nor is an assessment a capitation tax, as that is a sum of money levied upon each poll. This rate, on

the contrary, is a requisition for so many days' labor, which may be commuted in money. No doubt the number of days levied, and the sum which may be received by commutation, must be uniform within the limits of the district or body imposing the same. This requisition for labor to repair roads is not a tax, and hence this exemption is not repugnant to the constitution.

It was conceded, that if the exemption contained in the 16th section of the law, under which this village is incorporated, is not in violation of the fundamental law, then the judgment was properly rendered in the court below. We have seen, that the right to impose labor for the repair of public highways is not to be regulated by the limitation on the taxing power. The town of Ipava, being a separate road district, created by its charter, had the right to require the road labor for the repair of the roads and streets in its limits prescribed by the charter, and persons residing within the corporate limits are not liable to be required to perform such labor beyond those limits, or under the township authorities, and defendant failing to regard their order, incurred no liability.

The judgment of the court below is affirmed. .

*Judgment affirmed.*