HEMAN FOX

*v.*

THE CITY OF ROCKFORD.

1. CAPITATION TAX—*what constitutes.* An assessment of road labor is not a capitation tax; therefore the Legislature may authorize a city to make such an assessment upon all persons above the age of twenty-one years, without violating Section 1 of Art. 9 of the Constitution, which exempts persons over sixty years of age from the payment of a capitation tax.

2. ROAD LABOR—*who subject thereto in the City of Rockford.* The City of Rockford has power, under its charter, to assess road labor upon persons over sixty years of age, and to compel such labor if not commuted by payment of a tax.

3. SAME—*effect of the general law as a limitation upon the power of a city under special charter.* The general law of the State authorizing counties and townships to impose the burden of road labor only on persons between twenty-one and fifty years of age, can not operate as a limitation upon an express power given to a city by special charter to impose such burden upon all persons over twenty-one years of age.

4. Where complete jurisdiction is given to a city in regard to improving streets, the laws of the State in regard to road labor in counties cease to be applicable as soon as the city has exercised its powers.

Appeal from the Circuit Court of Winnebago county; the Hon. Benjamin R. Sheldon, Judge, presiding.

This was a suit instituted in the Police Court of the City of Rockford, in the name of the city, against Heman Fox, to recover a penalty for failing to perform road labor, under an ordinance of said city. The cause was removed into the Circuit Court by appeal, where a trial was had, resulting in a judgment against the defendant for the sum of two dollars. He thereupon took this appeal.

The only question arising upon the record is, whether the city has authority to assess road labor upon the defendant, he being over sixty years of age.

Mr. L. F. Warner, for the appellant, insisted the city possessed no such power; that Sec. 1, Art. 9 of the Constitution, exempts persons over the age of sixty years from paying a capitation tax.

Counsel also referred to the Rev. Stat. p 22, providing that only able-bodied men between the ages of twenty-one and fifty years, are required to perform road labor.

Mr. C. M. Brazee, for the appellee, contended that the assessment of road labor is not a capitation tax, and cited *Town of Pleasant* v. *Kost*, 29 Ill. 490.

Sec. 102 of the Charter of the city, provides that " the Common Council shall have power to open, alter, widen, extend, establish, grade, pave and otherwise improve and keep in repair streets, lanes, alleys and highways, and to protect the same from encroachment and injury," thus giving the city exclusive control over that subject. *Town of Ottawa* v. *Walker*, 21 Ill. 608.

Counsel cited the following sections of the City Charter, (Acts 1854, 2d Sess. p 122), as conferring full authority upon the city to assess road labor upon all persons over twenty-one years of age :

"§ 151.   The Common Council shall have power, for the purpose of improving the streets, and keeping the streets, lanes, alleys and highways, in repair, to require every male inhabitant in the said city, of twenty-one years of age, to labor on the streets, alleys and public highways within the limits of said city, for any number of days, not exceeding three in each year."

"§ 152.   Any person can commute for such service, by paying to the Street Commissioner at the rate of seventy-five cents for each day."

"§ 153.   Every person, who after having three days' notice from the Street Commissioner to perform such labor, shall neglect or refuse to perform the same, and shall also neglect or refuse to commute therefor, shall be liable to a penalty of one dollar for each day's labor, to be recovered before any court of competent jurisdiction, and his liability to perform the labor shall not thereby be discharged."

"§ 103.   The City Council shall have power to make all ordinances which shall be necessary and proper for carrying into execution the powers granted by this act, so that the same be not repugnant to, nor inconsistent with, the Constitution and Laws of this State or of the United States; and to enforce such ordinances by penalties, forfeitures, fines and imprisonments.   No such penalty or fine, however, shall exceed one hundred dollars, and no such imprisonment shall exceed six months."

Mr. JUSTICE LAWRENCE delivered the opinion of the Court :

The only question presented by this record is, as to the power of the City of Rockford to assess road labor against persons over sixty years of age, and compel such persons to

perform such labor, if not commuted by payment of a tax. The charter, in terms, gives the Common Council power "to require every male inhabitant in said city, of twenty-one years of age, to labor on the streets."

It is urged that the ordinance carrying into effect this clause of the charter is a violation of Sec. 1, Art. 9 of the Constitution, which exempts persons over sixty years of age from the payment of a capitation tax. In regard to this, it suffices to say, that this court has held in the *Town of Pleasant* v. *Kost*, 29 Ill. 490, that the assessment of road labor is not a capitation tax.

It is also urged that it is inconsistent with the general law of the State, which authorizes County Commissioners' Courts, and townships to impose the burden of road labor only on persons between twenty-one and fifty years of age.

The very object of granting city charters, is to give rights and powers not possessed by the municipalities of the State, created by general law, like counties and townships. The 103d section of the charter we construe to mean simply this: that in regard to all matters as to which the general laws of the State are applicable to the city of Rockford, the ordinances must be consistent with such laws. But where complete jurisdiction over a subject has been given to the city, as, for example, in regard to improving streets, the laws of the State in regard to road labor in counties, cease to be applicable as soon as the city has exercised its powers. The State has, in terms, given up its jurisdiction upon that subject to the city. It has expressly said the city may require road labor of all male inhabitants over twenty-one years of age, and when the Legislature has said that, we do not feel at liberty to limit this grant of power so as to make it conform to the power over the same subject vested in counties and townships. If there were a general law of the State, saying no citizen thereof over the age of fifty years, shall be compelled to perform road labor, the question presented would be very different. The 103d section of the charter would then probably apply. But we have no

such law, and the fact that one class of municipalities is confined to certain ages in the imposition of road labor, should not render nugatory a special grant of a larger power to another municipality.

*Judgment affirmed.*