# Richard McDonald

*v.*

# The County of Madison.

1. Road tax — *a school director not exempt.* The law exempting a director of schools from working on the public highways does not exempt him from the payment of road taxes assessed upon his personal property. Such an exemption is neither in the letter nor spirit of the act. Road labor is not a tax, nor can road labor be construed to embrace road taxes.

2. Same — *road tax discharged in labor.* It is the duty of the supervisor of roads to notify each person residing in his district of the amount he may discharge in road labor, and to notify him of the time and place to attend to work out his tax and the kind of tools he shall bring. But the tax payer may waive the notice, either expressly, or by acts, from which the waiver may be inferred. Until he has such notice, he is not liable to be called upon to pay the tax in money.

Appeal from the Circuit Court of the county of Madison; the Hon. Joseph Gillespie, Judge, presiding.

This was an action brought by Madison county, before a justice of the peace, against Richard McDonald, to recover $4.74, the amount of road tax assessed upon his personal property. On a trial had by the justice, a judgment was rendered against the county. An appeal was prosecuted to the Circuit Court.

A trial was subsequently had on an agreed state of facts: that the tax list was regular; that defendant, when the assessment was made, was, and still is, a school director; that he was over fifty years of age; that a letter from the State Superintendent of public instruction, in which he states it as his opinion, that a school director is exempt from such taxes, is genuine, and is to have the same credit as if he made the statements as a witness on the trial.

It also appeared, that the supervisor of the proper road district received the tax list, and that he called on defendant for his road tax during the summer; that defendant refused to pay because he was a school director; that he called on defendant twice; that he said he would neither work nor pay; but he

states, that he does not remember of ordering him to work out his taxes. The court, on the facts admitted, and the evidence in the case, rendered judgment against defendant for the amount of his road tax and costs. To reverse which, he prosecutes this appeal, and assigns the rendition of the judgment for error.

Mr. Charles P. Hise, for the appellant.

Mr. David Gillespie, for the appellee.

Mr. Chief Justice Walker delivered the opinion of the Court:

The only question presented by this record is, whether a director of a public school is liable to pay a road tax on his assessable property. The last clause of section 27 of the act of February 16, 1865 (Session Laws, 125) declares, that county superintendents, trustees of schools, school directors and other school officers shall be exempted from working on the roads, and from military duty. It is under this provision that appellant claims exemption from the road tax assessed upon his property. It appears that he held the office of director of schools at the time the tax was assessed. We are at a loss to perceive how this language can be forced to bear a construction that the property of a school director shall be exempt from the burden of a road tax. The language is that he shall be exempt from labor on the roads. We can imagine no construction or interpretation that can be given to the words "labor on the roads," to make them mean "road tax." It seems to us that it would be just as reasonable to insist, that they were intended to exempt him from paying a State or county tax, from serving on juries, or the performance of any other public duty. To give the language the construction contended for, we would be compelled to pervert or give to the words entirely a new meaning and one that they have never received.

It is insisted, that appellant was not liable to pay the tax, because he was not warned to discharge it in labor, as required

by section four of the act relating to highways. (Scates' Comp. 571.) That section does require the supervisor of roads to notify each person in his district of the amount of road tax that may be discharged in labor on the road, and shall request payment in money or labor, first notifying such person of the time and place to attend and work out such tax, and the kind of tools he shall bring. This provision is peremptory in the requirement of a notice, which must be given before the tax payers can be called upon to pay it in money, unless it shall be waived. That the tax payer may expressly waive this notice none will dispute, and we think it equally clear that a waiver may be inferred from circumstances. In this case, appellant did not say, in terms, that he waived the notice, but he did say that he was exempt, and would neither pay it in money nor labor. The officer had a right to suppose he meant what he said, and to regard the notice as waived, and perfectly useless if given. By his declarations, we think appellant is precluded from being heard now to insist that he did not have the required notice.

The judgment of the court below must therefore be affirmed.

*Judgment affirmed.*