DETERMINED IN

# THE SUPREME · COURT

OF THE

## STATE OF NEVADA.

### OCTOBER TERM, 1874.

---

## WILLIAM HASSETT, Respondent, v. J. H. WALLS, Appellant.

Road Tax of 1873 Unconstitutional. The highway act of 1873, in so far as it provides for a road tax upon individuals, (Comp. Laws, 3927) is obnoxious to the constitutional provision relating to poll taxes, (Const. Art. II. Sec. 7) and is void.

Road Service a Tax. The levy of service upon an individual for road purposes is an emanation from the taxing power.

Road Tax of 1873 a Poll-Tax. The road tax of four dollars annually, or two days' labor, imposed upon individuals by the highway act of 1873, (Comp. Laws, 3927,) whether regarded as a levy in money or service, is a capitation or poll-tax.

Only One Constitutional Poll-Tax. As the constitution prescribes specifically what poll-tax may be levied (Art. II., Sec. 7), such indication excludes from legislative power any other.

Appeal from the District Court of the Sixth Judicial District, Eureka County.

This was an action originally commenced in the justice's court in Eureka Township, Eureka County, by the plaintiff against the Eureka Consolidated Mining Company for a balance of four dollars. The company filed an affidavit admit-

ting that the sum sued for was a balance for work performed by plaintiff in July, 1874; but setting up that the sum was claimed by J. H. Walls, road supervisor of the county, who had attached it as road tax imposed upon plaintiff; and praying to be allowed to pay it into court. The court thereupon, in accordance with section 598 of the Practice Act, admitted Walls to be substituted as defendant in the place of the company ; and he filed an answer, setting up his claim to the money as such road supervisor. A question of the legality of such a tax being raised, the case was on motion, certified into the district court for trial. The cause having been there tried, the court found that the money was claimed by defendant as a road tax levied by section 9 of "An act in relation to public highways," approved March 5, 1873 ; that it was a poll-tax, and that as such it was repugnant to the provisions of the constitution. Upon the findings judgment was rendered for plaintiff. Defendant appealed from the judgment.

*Hillhouse & Davenport* and *Geo. W. Baker*, for Appellant.

I.   The constitutional clause relating to poll-tax (Art. II., Sec. 7) comes under the head of and is a part of the provisions relating to the "Right of Suffrage." These provisions come before the distribution of powers and only limit the power of the legislature so far as restricting the "right of suffrage," and is not at all any limitation upon the general power of taxation vested in the sovereign. If this view be untenable, still the constitutional provision, properly construed, means only a tax for the purpose of state and county revenue; and no restriction is placed upon the legislative power to levy other per capita or poll-taxes for other purposes.

II.   The Highway Act is only intended to apply to road districts to be created, is only special, in the nature of a

local tax for improvement of the roads within the road district; therefore the tax imposed cannot be the same general poll-tax, mentioned in the constitution; because there the poll-tax must be general and appropriated to particular uses, none of which is to improve roads in any manner.

III.    The act in relation to public highways gives each person the right to work on the road, in lieu of payment. It is the same as if it had provided that each inhabitant should perform so much work, or in default pay a certain sum.

IV.    As a general statute, exempting certain property from taxation, does not exempt it from assessment or local taxation for local improvement, it cannot be contended that a restriction in the constitution on general poll-tax can be a restriction on the power to levy poll or per capita tax or assessment for purposes of local improvements. The tax imposed by the act under consideration is a tax for local improvements.

V.    In Illinois it has been held that a law, requiring work upon roads or on failure that money should be paid, is valid; and in 29 Ill. 490, it is decided that such a burden is not a tax within the meaning of the word as generally used.   See also *Sawyer* v. *City of Alton*, 3 Scam. 127.  If these decisions be correct the sum fixed by our law is not a per capita tax, but is only an amount the inhabitant can pay in lieu of work upon roads.   The Illinois cases also hold that the legislature can require work on roads under the same principle that it requires military or jury service.

VI.    A state legislature is supreme as to the power of taxation, limited only so far as restricted by the constitution. 13 Cal. 334; 41 Cal. 530; 35 Cal. 632; 2 Neb. 501; 17 Wis. 684; 29 Wis. 674; 17 Cal. 24.

*Thomas Wren* and *Bailey & Cole*, for Respondent.

I.   The constitution prescribes two important restrictions upon the power of the legislature; first, that it shall not levy an annual poll-tax exceeding four dollars for any purpose; and, second, that the money collected from said tax shall be equally distributed between the State and the respective counties of the State.   In other words, the constitution limits the amount of the poll-tax to be levied and provides for the modes of its distribution; and if the legislature moves out of the orbit prescribed by the constitution its acts are null and void.   Smith on Const. Law, 571.

II.   The revenue law, (Comp. Laws, 3166,) levies an annual poll-tax for the use of the State and county of four dollars,  * * *  being the maximum amount allowed under the constitution, and for the purposes for which the constitution provides it shall be levied.   We claim that any other poll-tax, such as the one attempted to be levied by the highway act, being an additional poll-tax is unconstitutional.

III.   This road tax is a poll-tax.   "A poll-tax is a sum of money levied on each poll."  Bouvier's Law Dict. 349.   This is just what the road tax is, with the addition that it is to be enforced by the most summary and arbitrary proceedings ever known in a free state—the provision being that the property of third parties, as well as that of persons liable for the tax, may be seized by the road supervisor and sold on verbal notice of an hour.   It is true that there is a proviso that persons may work two days in lieu of paying the tax; but this proviso was placed in the law to take effect only after the levy has been made, and is merely an attempt to cover up an unconstitutional act of the legislature with an immaterial provision, which was never intended to be acted upon.

IV.   The maximum amount having already been levied in accordance with the constitutional provision, the levy of an

additional poll-tax of four dollars for road purposes is an attempt to impose an annual poll-tax of eight dollars. It might be contended that the road law having been passed subsequent to the revenue law repeals that portion of the latter in relation to poll-taxes, but it will be noticed that the road law devotes tax to a purpose not authorized by the constitution; consequently it is invalid.

V. Appellant contends that, inasmuch as the constitution not only provides the amount of poll-tax to be levied but also provides for its disposition, the legislature is not restrained from levying an additional poll-tax for other purposes. Instead of adhering to the legal maxim that the naming of one thing is the exclusion of the other, appellant virtually contends that the naming of one thing includes everything else; and that therefore, though the legislature can only levy a poll-tax of four dollars for State and county purposes, it can levy another poll-tax of four dollars tax for road purposes. This kind of constitutional construction will not bear scrutiny.

VI. Appellant further contends that this road tax is only for local improvements and not a general tax. But it makes no difference what it is for; because neither the legislature could levy, nor could it authorize a municipal corporation to levy, a poll-tax for local improvements, after the State had already levied one.

VII. The cases cited from Illinois are not applicable because they hold that "an assessment of labor for road repairs is not a poll-tax," which is not the case at bar. In that state no tax per capita is levied as is done in the road law of this State, but an assessment of labor is levied. Besides this, the reasoning in the Illinois cases is very unsatisfactory and the conclusions lame and impotent.

By the Court, WHITMAN, C. J.:

By the general revenue law of this State, an annual poll-tax of four dollars is levied upon "each male resident, over twenty-one and under sixty years of age (uncivilized American Indians excepted,) and not by law exempt, for the use of the State and county." Comp. Laws, Sec. 3166. By the Highway Act of 1873, it is provided that "each able-bodied male resident of any road district of this State, over twenty-one and under sixty years of age (uncivilized American Indians excepted,) and not exempt by law, shall pay an annual road tax, for the use and benefit of said road district, of four dollars; * * * provided if any person liable to pay road tax, as herein provided, will perform or cause to be performed two days' work, * * such labor shall be received in full satisfaction of said four dollars." Comp. Laws, Sec. 3927.

This action is brought in resistance of the clause last quoted; respondent claiming that it is obnoxious to the following provision of the constitution of the State, in that it levies a double poll-tax and disposes improperly of the proceeds. Says the constitution: "The legislature shall provide by law for the payment of an annual poll-tax of not less than two nor exceeding four dollars from each male person resident in the State between the ages of twenty-one and sixty years (uncivilized American Indians excepted,) one-half to be applied for State and one-half for county purposes. * * *" Art. II, Sec. 7. The otherwise plenary power of the legislature, as to poll-tax, is evidently limited by this language; and no more than four dollars may be lawfully levied on any person for any one year, and that must be divided equally between county and State. So if the Highway Act levies a poll-tax, it must fall.

Appellant argues that the object of the law is rather a requisition of service than a poll-tax. The letter of the

Hassett v. Walls.

act is rather against this position; but waiving that and admitting the object to be as claimed, appellant's position is not bettered. Taxation may be levied in money, service, or in kind; it is no less a tax. *The People* v. *The Mayor of Brooklyn,* 4 Cow. 419. Nor is the levy of service on a road analogous to the demand of military or jury duty. The former is an emanation from the taxing power; the latter two the necessary exercise of legislative power in preservation of reserved popular rights touching the person, as-the user of the right of eminent domain does the property of the citizen. To themselves the people have reserved the right to bear arms in a well regulated militia, and also the right of trial by jury. Upon the legislature devolves the duty to maintain those rights; and although for some minutiæ of that maintaining taxation may be necessary, yet demand for service is no portion of such taxation—that springs from a different source of power.

In Illinois, road, jury, and military duty are placed upon the same plane; and it is held that neither is in the nature of a tax. *Sawyer* v. *The City of Alton,* 3 Scam. 127; *Town of Pleasant* v. *Kost,* 29 Ill. 490; *Fox* v. *City of Rockford,* 38 Ill. 451.

But a contrary rule, as before indicated, appears so clearly correct that these authorities will not be followed. Were the law of this State like that of Illinois, which requires labor and allows it to be commuted into money, while Nevada levies a money tax but allows commutation in labor, the conclusion would be the same. Either is, and both are, capitation or poll-taxes; one in money, the other in service, but both in excess of the limitation imposed upon the legislature; if in money, both in amount and in the disposition made of the proceeds; if in service, because no other poll-tax than the one prescribed by the constitution may lawfully

be levied. The indication of this one has excluded from legislative power any other.

So it follows that the portion of the highway act cited is unconstitutional and void; and the judgment of the district court so holding is affirmed.