Filed April 23, 1895.

---

No. 1,478.

## Leedy *v.* The Town of Bourbon.

HIGHWAY.—*Incorporated Town.*—*Exemption from Work.*—*Members of Fire Company.*—It is only the members of a fire company organized by the town board, and under its control, that are entitled to exemption from work upon the highways of the town.

From the Marshall Circuit Court.

*J. D. McLaren* and *E. C. Martindale,* for appellant.
*S. Parker* and *J. D. Chaplin,* for appellee.

Lotz, J.—The agreed statement of facts from which the controversy in this case arises is substantially as follows:

The appellant, Jacob D. Leedy, in the year of 1893, was an inhabitant of the incorporated town of Bourbon, having resided therein for more than ten years, during all of which time he was over twenty-one and under fifty years old. The town, by an ordinance, duly enacted, required all the inhabitants residing within its corporate limits between the ages of twenty-one and fifty years to give not less than two days' work each year on the public streets and alleys of said town during the months of May and June, after having been duly notified by the marshal of said town. There was no ordinance or regulation by which any person liable to perform such work could be given credit on property, taxes,

or any consideration or pay whatever given to the person who was liable to and who performed such labor for himself.

In the month of June, 1893, the appellant was duly notified by the marshal to give two days' work, in person or by substitute, on the streets and alleys of said town or pay the commutation of $1.25 per day in lieu thereof. The appellant refused to perform said two days' labor, either in person or by substitute, or pay the commutation money, claiming to be exempt from such labor by reason of being an active member of a duly organized fire company. The fire company of which he was a member was not organized by any act or ordinance of said town, but was organized and incorporated under the voluntary association laws of this State. As we view the case these are the only facts necessary to be stated for a proper decision of the controversy.

The trial court concluded, as a matter of law, that the appellant was liable to the town and rendered a money judgment in its favor.

The appellant prosecutes this appeal and asks a reversal, not so much on account of the amount of money as on account of the principle of law involved.

It is made the duty of the supervisors of each road district in the townships of this State to call out all able bodied male persons in such districts who are residents of this State over the age of twenty-one, and under fifty years, not otherwise exempt, and require them to work on the highways in said districts not less than two nor more than four days in April, May and June of each year. Section 6819, Burns R. S. 1894 (Elliott Supp., section 1548).

Any person belonging to any legally organized fire company shall be exempt from such labor, and the township trustee shall, upon application of such person, exe-

cute a certificate of that fact, which shall, on being presented to the supervisor, entitle him to exemption from such labor. Section 6823, Burns R. S. 1894 (Elliott Supp., section 1551).

Any person liable to work on the highways may be exempt therefrom by paying to the supervisor of his road district the sum of $1.25 for each day he is required to work thereon, and on failure to either work or pay over the commutation money he shall be liable to the township in a suit brought therefor. Sections 6824 and 6825, Burns R. S. 1894 (Elliott Supp., sections 1552 and 1553).

These sections of the statute relate to the duties of township trustees and road supervisors. But it is provided by section 4404, Burns R. S. 1894 (section 3367, R. S. 1881), that the board of trustees of incorporated towns shall have exclusive power over the streets, alleys and highways within the corporate limits thereof; and that such board may exercise all the powers given to township trustees in regard to highways in their respective towns; and the marshal, under the direction of the board, may perform all the duties and exercise all the powers of road supervisors in reference to road labor tax, not to exceed two days in each year, and shall be governed by the same rules and regulations in reference to the enforcement of the same. The board of trustees is also given power to organize fire and hook and ladder companies, and to regulate their government and the times and manner of their exercise; and to provide all necessary apparatus for the extinguishment of fires. The board is also authorized to levy and collect taxes, and among such taxes a poll tax. Section 4357, Burns R. S. 1894 (section 3333, R. S. 1881).

It is also provided that active members of any fire company organized under the corporate authority of any

city or town shall be exempt from military and jury service, and where they have done the duty of such firemen for one year previous to the time of listing the same their real and personal property, and polls to an amount not exceeding $500, shall be exempt from the payment of city or corporation taxes.    Sections 6621, 6622 and 6623, Burns R. S. 1894 (sections 4901, 4902 and 4903, R. S. 1881).

The appellant contends that as he was a member of a duly organized fire company, and that as the duties of the board of trustees of the town are the same as that of the township trustee and the duties of the marshal, the same as the road supervisor, he was exempt from working on the highways of the town.

To this contention we do not agree.    So far as repairing the highways is concerned, those within the corporate limits of the town, and those outside of it, are in separate and distinct jurisdictions.    The inhabitants of one can not be compelled to perform work in the other. The board of trustees would have no power over a fire company organized under the general laws of this State. It could not direct or control its action.    It is only the members of a fire company organized by the board and under its control that are entitled to the exemption from work upon the highways of the town.

It is further contended that the work on the highway is in the nature of a poll tax, and that under section 6623, *supra*, the appellant was exempt.

This section must be construed in connection with section 6621, *supra*.    The fire company must be one organized under the corporate authority of the town.    Nor do we think the work required is in the nature of a poll tax.    A tax is a pecuniary burden imposed for the support of the government.    A poll or capitation tax is one imposed on the person without regard to his property,

business, or other circumstances.    The work required to be done on the highways is more in the nature of military or jury service than that of a poll tax.

Judgment affirmed.

Ross, J., absent.

Filed April 26, 1895.