(No. 13651.—Reversed and remanded.)

F. S. FOULK et al. Appellees, vs. W. C. MEANS, County
Treasurer, et al. Appellants.

*Opinion filed December 21, 1920.*

1. TAXES—*assessment for road labor is not a tax and is not sub-
ject to provision for uniformity of taxation.* An assessment for
road labor authorized by the charter of a town is not a tax, and
an exemption therefrom does not contravene section 5 of article 9
of the constitution of 1848 nor section 9 of article 9 of the con-
stitution of 1870, providing for uniformity of taxation.

2. SAME—*an exemption from road labor in a town charter is
not an exemption from road and bridge tax.* The provision of
section 1 of article 9 of the charter of the town of Normal exempt-
ing inhabitants of the town from working on any road beyond the
limits of the town and from paying any tax to procure laborers
to work on the same does not exempt them from a general road
and bridge tax levied by the commissioner of highways of the
township under section 56 of the Roads and Bridges act. (*Town
of Pleasant* v. *Kost,* 29 Ill. 490, followed.)

3. SAME—*town of Normal is not a separate road district.* The
provisions of the charter of the town of Normal authorizing it to
levy and collect taxes, improve streets and alleys, construct and
repair bridges and assess road labor do not create said town a sep-
arate road district, and where there is no provision against the
taxing power of township officers, property lying within the in-
corporated town is not exempt from a road and bridge tax assessed
under section 56 of the Roads and Bridges act. (*Butz* v. *Kerr,* 123
Ill. 659, and *Cooper* v. *Ash,* 76 id. 11, distinguished.)

APPEAL from the Circuit Court of McLean county; the
Hon. T. M. HARRIS, Judge, presiding.

MILES K. YOUNG, State's Attorney, (W. B. LEACH, of
counsel,) for appellants.

RICHARD F. DUNN, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

This cause comes to this court by appeal from the cir-
cuit court of McLean county, in which a decree was entered
enjoining the collection of the general road and bridge tax

levied for the year 1919 in so far as the same was extended against property in the incorporated town of Normal.

The appellees, on behalf of themselves and all other tax-payers in the incorporated town of Normal, filed their bill against the appellants, as county treasurer of McLean county and commissioner of highways of the town of Normal, respectively, representing to the court that at the time of the filing of their bill, and for two years prior thereto, they and each of them were residents of the incorporated town of Normal, in said county, and owners of real estate and personal property located therein, and that they are tax-payers within said incorporated town, paying taxes on both real and personal property; that the incorporated town of Normal is a municipal corporation organized under and by virtue of a special charter granted by the legislature of the State of Illinois by an act approved February 25, 1867; that in and by section 1 of article 9 of said charter "the inhabitants of the town of Normal are hereby exempted from working on any road beyond the limit of the town and from paying any tax to procure laborers to work on the same;" that by virtue of said provision of the charter it was the intention of the legislature to exempt the inhabitants of said incorporated town from the payment of any tax which was to be expended upon the improvement of any roadway within the township of Normal but lying outside of the limits of the incorporated town of Normal; that Charles Straub, as highway commissioner of the township, levied the tax in question for road and bridge purposes throughout the entire township and the same was so extended by the county clerk, and the treasurer of said county, who is *ex-officio* collector, now threatens to collect the road and bridge tax in question assessed against all the taxable property within the limits of the incorporated town of Normal. The bill prays for a perpetual injunction against the defendants restraining them from the collection of the road and bridge tax. The defendants filed an answer

to the amended bill of complaint, admitting that complainants were tax-payers, as alleged in the bill, that the town of Normal was incorporated as set forth in the bill, and that sections 1 and 2 of article 9 of the charter of the incorporated town of Normal are as set forth in the amended bill of complaint, but they aver that section 1 thereof is unconstitutional and void, and deny that the legislature intended to exempt the inhabitants of the incorporated town of Normal from the payment of the tax in question; that the tax was levied under section 56 of the Road and Bridge law, and that the statute was fully complied with in the making of the levy and the extending of the tax. The cause was heard on bill and answer, and the court sustained the bill and entered a decree perpetually enjoining the collection of the tax as to the complainants and all other inhabitants and property owners in the town of Normal.

The record presents the question whether the inhabitants of the incorporated town of Normal are liable for the payment of a road and bridge tax imposed by the commissioner of highways of the town of Normal under section 56 of the Road and Bridge law. Other provisions of the charter gave to the incorporated town of Normal power, through its town council, to levy and collect taxes; to appoint certain officers and prescribe their duties; to open, alter, extend, grade, improve and keep in repair the streets and alleys; to construct and repair bridges, and to assess road labor, or its commuted value at $1.50 per day, against the inhabitants of the incorporated town.

There is no dispute in this case as to the facts, it being conceded that the road and bridge tax was properly levied and extended, and that it would be collectible from all the property of the incorporated town of Normal unless the provisions of the Normal charter operate to relieve the inhabitants and the property in the town from such payment.

The sole questions presented by the assignments of error are: Is section 1 of article 9 of the Normal charter

constitutional? If constitutional, does such section relieve the inhabitants of the town from paying the road and bridge tax in question levied under section 56 of the Road and Bridge law, or does such section apply only to the assessment of road labor to be worked out beyond the limits of the incorporated town, or in lieu thereof the payment of the sum therein provided?

The charter for the town of Normal was granted by the legislature under the constitution of 1848. Article 9 of the constitution of 1848, in so far as the same has any bearing on the question in this case, contains the following provisions: Section 1 provides: "The General Assembly may, whenever they shall deem it necessary, cause to be collected from all able-bodied free white male inhabitants of this State over the age of twenty-one years and under the age of sixty years, who are entitled to the rights of suffrage, a capitation tax of not less than fifty cents nor more than one dollar each." Section 2 provides: "The General Assembly shall provide for levying a tax by valuation, so that every person and corporation shall pay a tax in proportion to the value of his or her property; such value to be ascertained by some person or persons to be elected or appointed in such manner as the General Assembly shall direct, and not otherwise." Section 5 provides: "The corporate authorities of counties, townships, school districts, cities, towns and villages may be vested with power to assess and collect taxes for corporate purposes; such taxes to be uniform in respect to persons and property within the jurisdiction of the body imposing the same. And the General Assembly shall require that all the property within the limits of municipal corporations, belonging to individuals, shall be taxed for the payment of debts contracted under authority of law."

Section 2 of article 9 of the charter empowers the town council to impose the duty of laboring on the roads upon inhabitants of that town. This is the service from which

the inhabitants are exempted under section 1 of the charter. Section 1, as we view it, provides an exemption from the assessment of road labor or its commutation in money, and does not relate to a road and bridge tax. An assessment for labor is not a tax and does not contravene section 5 of article 9 of the constitution of 1848 nor section 9 of article 9 of the constitution of 1870, providing for uniformity of taxes. *Town of Pleasant* v. *Kost,* 29 Ill. 490; *Fox* v. *City of Rockford,* 38 id. 451; *City of Chicago* v. *Larned,* 34 id. 203.

Counsel for appellants cite *O'Kane* v. *Treat,* 25 Ill. 458, as authority for the contention that this provision of the charter of the town of Normal contravenes the constitution. The provisions in the two charters are identical on this point. If *O'Kane* v. *Treat, supra,* may be construed as holding that such a provision in the charter is unconstitutional, then that case must be held to have been overruled by *Town of Pleasant* v. *Kost, supra,* which in our opinion presents the correct construction, it there being held that such an assessment is not a tax and therefore does not come within the purview of the constitution requiring uniformity of taxation. This provision in the charter exempted citizens of the incorporated town of Normal from assessment for road labor or its commuted value in money, only. There was no attempt by the charter to exempt such citizens from a road and bridge tax such as has been assessed in this case under section 56 of the Road and Bridge law.

But appellees urge that the levy of this road and bridge tax on the part of the highway commissioner was without authority, for the reason that the incorporated town of Normal is a separate road district and the highway commissioner has no jurisdiction over the incorporated town, and such tax was extra-territorial, and they cite in support of their contention *Butz* v. *Kerr,* 123 Ill. 659. That case is to be distinguished from the case at bar for the reason that there the charter specifically forbade the assess-

ment of a road tax by the township officers but that power was given to the officers of the incorporated town, thus creating the incorporated town a separate road district. This distinction is also shown in *Cooper* v. *Ash,* 76 Ill. 11, where it was held that the incorporated town of Alton had by its charter been created a separate road district. That case distinguishes *O'Kane* v. *Treat* on the ground that in the latter case the legislature had designated townships as road districts and the city of LaSalle being within the town was a part of that district, while in *Cooper* v. *Ash* the county was not under township organization and therefore no such road districts had been formed, but that a road district was formed by the charter of the town of Alton and the provision in the charter that the county officers should not levy taxes for road purposes against the property in the town of Alton. No separate road district has been formed in this case. There are no provisions of the charter, aside from section 1 of article 9, touching the taxing power, which depart substantially from the provisions of the statute relating to cities, villages and incorporated towns. There is no prohibition against the power of township officers to levy a tax. We are of the opinion, therefore, that the property lying within the incorporated town of Normal is not exempt from the road and bridge tax assessed under section 56 of the Road and Bridge law. The statute provides the manner of distribution of such tax when it has been collected, requiring that incorporated cities and towns having over 150,000 population shall receive the entire road and bridge tax and in cases of less population one-half thereof.

The circuit court erred in granting the prayer of the bill. The decree of that court is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.  *Reversed and remanded.*