# CHARLESTON.

JOHN PROPST v. COUNTY COURT OF CALHOUN COUNTY *et als.*

Submitted April 5, 1921.   Decided April 12, 1921.

1.  HIGHWAYS—*Certain Formalities as to Appointment and Bond Held Not to Invalidate Acts of Highway Patrolman.*

     The acts of a highway patrolman are not invalid because the order appointing him does not in terms require him to give bond, or because the bond which he did give was acknowledged before a notary public, or because the records of the county court do not show that his bond had been approved, or because no certificate was issued to him by the clerk of the county court showing his appointment.   (p. 411).

2. TAXATION—*Equity May Enjoin Collection of Tax in Viola-*
   *tion of Provision of Constitution.*

   Equity has jurisdiction to enjoin the collection of a tax
   levied in violation of a provision of the constitution.  (p. 412).

3. HIGHWAYS—*Requiring Labor on Public Roads Not "Taxation";*
   *Collection of Money from One Failing to Perform Road Work*
   *Not Unconstitutional.*

   To require the inhabitants of a district to perform labor
   upon the public roads is not taxation, and the collection of
   the amount required by law to be paid by any such inhabitant
   who fails to perform the labor required of him is not in vio-
   lation of any of the provisions of the constitution of this state.
   (p. 412).

Certified from Circuit Court, Calhoun County.

Suit by John Propst against the County Court of Cal-
houn County and others.    Demurrer to bill sustained, and
case certified.

*Affirmed.*

*R. S. Blair,* for plaintiff.

*Lorentz C. Hamilton,* for defendants.

RITZ, PRESIDENT:

The plaintiff filed his bill in this case for the purpose of
enjoining the collection from him of the sum of eight dol-
lars, the amount which he was required by the patrolman of
roads in his district to pay in lieu of performing four days
labor on the public roads.

It appears from the allegations of the bill that the county
court of Calhoun county had by an order appointed H. H.
Heiney Patrolman of Roads for Center District of said
county, and that the said Heiney, in accordance with the
provisions of law, notified the plaintiff to appear at a certain
time and place and perform four days labor upon the public
roads of said district; that the said plaintiff refused to com-
ply with this summons, which fact was noted by the patrol-
man of roads, and a suggestion issued by a justice of the
peace upon the bank account of the plaintiff for the purpose
of collecting the sum of eight dollars in lieu of the four
days labor required of him.    He then filed his bill seeking
to enjoin the collection of this claim.    The circuit court,

after sustaining a demurrer to this bill, certified the question of the sufficiency thereof to this court.

Plaintiff insists that he should not be required to pay this sum in lieu of the work required of him upon the roads for several reasons: first, that the patrolman, H. H. Heiney, was not required in the order appointing him to give bond as required by law; second, that the bond executed by Heiney was not acknowledged before the proper authority, it having been acknowledged before a notary public instead of before the county court; third, that there is no record of the county court showing the approval of the bond; fourth, that no certificate was issued by the clerk of the county court and delivered to the patrolman showing his appointment. For these four reasons he insists that the patrolman was not an officer at all, and that his action in summoning him to work upon the roads was without authority of law.

It is averred in the bill that the county court did as a matter of fact appoint Heiney as patrolman of roads of Center District, and the question raised by the above contentions is, do the irregularities indicated invalidate his acts as such patrolman? Conceding for the sake of the argument that the order appointing him should have specified therein that he must give a bond, and that it fails in this regard; and that such bond must be taken by the county court and approved by it, and that the record does not show that this was done; and that no certificate showing his appointment was issued to him by the clerk; does this render his acts as such patrolman void? That he was acting under color of authority, there can be no question. The county court had actually made the appointment, and he had actually entered upon the duties of the office, and was performing them. That he may not have complied with all of the requirements of the law, or that the county court, or the clerk of the county court, may not have complied with some of the requirements of the law, could not invalidate his acts done in the execution of the duties of the office. Irregularities in the giving of an official bond, or even failure to give an official bond, where the officer elected or appointed enters upon and performs the duties of the office, will not invalidate his acts.

He will be a *de facto* officer.     Constantineau on the De
Facto Doctrine, §§ 137, 138.     It is likewise true that one
who is in possession of an office in the open exercise of its
functions under color of an election or an appointment, is a
*de factor* officer, even though such election or appointment
may be irregular.     Constantineau on the De Facto Doc-
trine, § 171.     Whether the patrolman in this case was an
officer *de jure,* or only an officer *de facto,* we need not de-
termine.     He was certainly such officer *de facto,* and his acts
as binding upon the plaintiff in this case as though he held
the office *de jure.*

The plaintiff asserts as his reason for going into a court of
equity to enjoin the collection of this claim the lack of op-
portunity to apply to the county court for relief, for the
reason that said court, under the law, would not meet until
after the money had been collected from him.     If, as the
plaintiff contends, the attempt to collect this money from him
is in violation of the constitutional limitations placed upon
the county court, equity has jurisdiction to enjoin the col-
lection of it.     *Turkey Knob Coal Co.* v. *Halanan,* 84 W.
Va. 401; *Simms* v. *Sawyers,* 85 W. Va. 245.

The principal contention made by the plaintiff is that this
is an assessment against him in excess of the amount limited
by the constitution.     His averment is that the county court
of Calhoun county had already laid a levy of ninety cents
on the one hundred dollars of taxable property in the dis-
trict in which he is an inhabitant; that he is assessed with
about two thousand dollars of  such taxable property; that
the constitution limits the levy which the county court is au-
thorized to make to ninety-five cents on the one hundred dol-
lars of valuation, and to allow it to collect this eight dollars
in addition to the ninety cents levied would make the total
assessment against his property more than $1.30 on the one
hundred dollars of valuation.     If his contention is correct,
that the requirement that certain of the inhabitants   must
perform labor upon the public roads is a tax, then it might be
in violation of the provision of the constitution referred to.
But is such a requirement in any sense taxation?     It has
been for a great many years one of the means adopted by

the legislative authority for the purpose of maintaining the highways of the country.    Proper maintenance of such public roads has always been considered of the greatest public importance to any community.    In fact it may be said that the very life of the people depends upon the highways being maintained in a passable condition, and the duty is imposed upon the public authorities to so maintain them.    There are many public duties which the citizen is called upon to perform without compensation, or for very inadequate compensation.    Not so very long ago military service was required, whenever the necessity therefor arose, without making any compensation to the citizen furnishing such service. Service on juries has always been required, in some jurisdictions without any compensation, and in most jurisdictions for a compensation very much less than the actual value of the services.    Attendance as witnesses is even now required in this state before grand juries without   any compensation therefor.    It has been held with practical uniformity by the courts construing such requirements as this that labor upon the public roads is of the same character as military service, service on juries, or attendance as a witness, and that it is in no sense taxation; that it is one of the public duties which the citizen owes to his community, and which he may be required by the proper authority to perform.    While the tendency of later years has been for the public to make compensation for such services, the power of the legislature to require them without compensation cannot be denied.    It may be that the burden would be more equitably distributed were full and complete compensation made to each citizen for all services rendered by him to the public, but the legislative mind has not yet declared this to be the public policy of the state, and it may be doubted whether existing conditions are such as that such full compensation could be made without unduly embarrassing the administration of public affairs.    This question has been before the courts of a number of the American states, and the conclusion we have reached is sustained by the decisions so far as we have examined them.    *State* v. *Sharp,* 125 N. C. 628, 74 Am. St. Rep. 663; *State* v *Wheeler,* 141 N. C. 773, 53 S. E. 358, 5 L. R. A. (N.

S.) 1139; *Short* v. *State*, 80 Md. 392, 29 L. R. A. 404; *Overseers of the Poor of Amenia* v. *Overseers of Stanford,* 6 Johns. 92; *Town of Pleasant* v. *Kost,* 29 Ill. 490; *Fox* v. *City of Rockford,* 38 Ill. 451; *McDonald* v. *County of Madison,* 43 Ill. 22; *City of Macomb* v. *Twaddle,* 4 Ill. App. 254; *Leedy* v. *Town of Bourbon,* 12 Ind. App. 486; *Johnston* v. *City of Macon,* 62 Ga. 645; *Dennis* v. *Simon,* 51 Ohio, 233; *Barrow* v. *Hepler,* 34 La. Ann. 362; *Town of Starksboro'* v. *Town of Hinesburgh,* 13 Vt. 215.

Our conclusion is that there is no merit in the contentions set up by the plaintiff to defeat the payment of the charge made against him for his failure to work upon the public roads as required, and the action of the circuit court sustaining the demurrer to his bill is affirmed.

*Affirmed.*