# WHEELING.

## HOLDERMANN v. SCHANE

Submitted June 2, 1904.  Decided June 18, 1904.

1. MANDAMUS—*Canvassing Board—Ended Term of Office.*
   A writ of *mandamus* does not lie against the mayor and councilmen of a city to compel them to reconvene as a canvassing board and recanvass an election for city recorder, their terms having expired, when *mandamus* is asked.  (p. 13).

2. MANDAMUS—*Canvassing Board—City Council—Successors · in Office.*
   A *mandamus nisi* awarded against certain persons by name, who, when in office as mayor and councilmen of a city, canvass the ballots of an election for city recorder, but whose terms had expired when the *mandamus* was awarder, to compel them to reconvene and recanvass such ballots, cannot be used for such relief against their successors in office.  (p. 14).

Petition by Charles H. Holdermann for a writ of *mandamus* against Charles C. Schane and others.

*Writ Denied.*

CALDWELL & CALDWELL, for petitioner.

T. S. RILEY, for respondents.

BRANNON, JUDGE:

Charles Holdermann presents a petition stating that at a municipal election in the city of Benwood he was the Republican nominated candidate for recorder of that city, and that James F. Kelley was the nominated Democratic candidate for the same office; that by the returns sent from the voting precincts said Holdermann was elected, but that on a recount by the board of canvassers of the city Kelley was declared elected; that such result upon such recount arose from the counting as good ballots certain ballots not countable by law, whereas by their rejection Holdermann would be elected.  Said petition asks that a writ of *mandamus* issue from this Court to compel the recorder, the mayor and the eight councilmen of said city, naming them, who composed the canvassing board which made

the recount, to re-convene and reopen the packages of ballots sealed up by them upon such re-count and correct errors which had been committed upon such re-count, and declare the true result. Said parties resist the grant of *mandamus* by motion to quash the *mandamus* and by answer.

When the petition for *mandamus* was presented and the rule awarded the persons named as mayor, councilmen and recorder, who acted as canvassers of said election, had ceased to be such by expiration of their terms of office, and their successors had qualified, and the question is, Can *mandamus* be maintained against them? Does the fact that they were then no longer such officers preclude their being reconvened and required to recount the ballots? In *Dent* v. *Board,* 45 W. Va. 750, this question is somewhat discussed, two judges out of three holding that "a *mandamus* cannot be brought against an officer in his official capacity after his term of office has ended." A fuller discussion is found in *Hebb* v. *County Court,* 49 W. Va. 733. The Court equally divided in the latter case. In the opinions in the cases named authorities are cited on this question, which cover it. Mr. Mechem, who wrote the standard special work on Public Officers, in section 940 states the rule to be: *"Mandamus* will not be granted to require action on the part of an officer whose authority to do the act has terminated, or whose term of office has expired." It seems clear, without aid from authorities cited, that our statute law demands this decision. Chapter 3, section 85, Code, says: "Every municipal election shall be held in conformity with the provisions of this act, except that the duties herein required of the county and circuit court clerks shall be performed by the municipal clerk (or recorder) ; the duties herein required of the commissioners of the county court, shall be performed by the municipal council." Thus, the councilmen have just such powers, as to municipal elections, as the commissioners have as to general elections, and their powers are told in section 68, containing these words: "The commissioners of the county court shall be *ex-officio* a canvassing board," &c. Observe the words *"ex-officio."* Both commissioners and councilmen, under this statute law, as election canvassers, derive their powers by virtue of their offices of commissioners and mayor and councilmen. From no other source or right than their being commissioners and councilmen do they get any power as canvassers.

A commissioner or councilman acts as canvasser only because he
is a commissioner or councilman. How can you call on him to-
act when his office is gone from him and vested in another? Has
he then any more right or power to act as canvesser than a man
who never was commissioner or councilman? Our law says that:
an officer shall hold till his successor has qualified; but when that
successor does qualify the former incumbent is, by sheer force-
of law, relegated to private station, disrobed of official authority,
just as completely as if he never had held the office. Is not the-
act of canvassing an election a public official function? Surely
it is; it cannot be performed by any person and every person;
the law points out that man who holds a certain office to perform
the duty of canvasser. How can you say that a man can be a
canvasser when he has no office? When the new Benwood offi-
cers qualified they filled the offices and were *de jure* officers, and'
there cannot be two *de jure* officers in the same office at the same-
time; indeed, there cannot be a *de facto* and *de jure* officer in at-
the same time. Mecham, Pub. Off. section 322, and other au--
thorities cited in *Dial Case,* 39 W. Va. p. 8.

A judge cannot, after his term, grant a new trial, but his suc--
cessor must do this. *Ott* v. *McHenry,* 2 W. Va. 73. It is admit--
ted that such is the general rule; but it is sought to make can--
vassers an exception. Why? There is no valid why. Is can-
vassing not an official act, done by a public officer, just as much.
as granting a new trial? I say an *official* act, that is, one done-
by a public official. True, one is a ministerial, the other a judi--
cial function, in nature; but they are not dissimiilar in the re-
spect that they are official acts to be done only by public officers.-
Our decisions do, for some purposes, draw a distinction between-
commissioners of the county court acting as canvassers and
acting generally, making their action as canvassers purely and'
only ministerial, that is, in the essential nature of the act.
*Brazie* v. *Commissioners,* 25 W. Va. 213. And in elections on-
county seats the commissioners canvass as the county court, not-
as a board of canvassers, owing to different statutes. *Brown* v.
*Randolph,* 45 W. Va. 827. But this distinction is only as to the-
nature of the act. It does not go to the length of proving that
commissioners or councilmen whose terms are ended are still
such for any purpose. The election ballots are no longer in the-

custody of the old officers. Their successors have them, and the old officers have no power to demand them.

Another consideration has great force. These defendants protest against any compulsion on them to act farther. The law makes no provision for their pay for services to be performed. *Leach* v. *Aitken,* 91 Cal. 484, strikes me as of great force in holding: "The legislature cannot enjoin upon a private citizen the duty of settling a bill of exceptions, nor require a judge to continue to discharge judicial duties after his term has expired, though it may authorize him to settle such bill." Though a statute gave the ex-judge power to sign a bill, it was held he could not be compelled to do so by *mandamus.*

In the *Hebb Case,* 45 W. Va. 740, *Rosenthal* v. *Board,* 50 Kan. 129, and *Rice* v. *Same,* are cited. They do not apply to the question in this case. They hold that after a canvassing body has once fully acted, it is *functus officio,* even though the officers' terms were yet going on, and could not be reconvened and again compelled to act. According to them this *mandamus* would fail, because here the act was complete. An erroneous act or judgment completed is none the less full and final because erroneous. But our case of *Alderson* v. *Commissioners,* 32 W. Va. 454, holds, contrary to those Kansas cases, that commissioners, though they have fully performed the act, are competent to reconvene and correctly act. In the Kansas cases and the *Alderson Case* the question was, not whether persons whose terms had expired could be compelled to act, but whether a complete act, but erroneous, ended the power of a still continuing body. A ciricuit court giving final judgment afterward reversed is still competent to re-try the case, and may be compelled to do so; but the judge who tried the case cannot be compelled to re-try it after his term. Besides, the canvassing boards were not continuing bodies as in this State. The 7 Iowa case goes to support our holding as it shows that new canvassers act. The *Hagerty Case* does not bear on the question. The *Washington Case* does not involve powers of retired officers.

We are asked to make a new case out of this by awarding the writ against the new mayor and councilmen. We cannot convert a suit against particular persons into one against others. The new officers are successors, it is true, but get no privity with them, do not represent them. If the persons against whom

the suit began had been then in office, and pending it, their terms had expired, there would be more color for this request, though many cases deny it even in such case; and hold that the proceeding abates. *Warner* v. *Stock Co.*, 165 U. S. 28; *U. S.* v. *Bontwell*, 17 Wall 604; *Secretary* v. *McGarrahan*, 9 Wall 298, 313.

Therefore we dismiss the *mandamus*.

*Writ denied.*

Opinion by DENT, JUDGE:

The Court has reached a right conclusion in this case in which I concur, on fallacious reasoning, and an erroneous construction of the statute, from which I dissent.

In so far as the syllabus and opinion hold that the respondents, having discharged their duties legally, and their terms of office having by reason thereof expired, are no longer subject to the writ of *mandamus*, I unhesitatingly assent; but in so far as they hold that the respondents terms of office have expired and that they are no longer subject to the writ of *mandamus* by reason of their neglect or refusal to discharge their duties legally, and that their illegal action is a satisfaction of the law, and in so far as such syllabus and opinion tend to hold that persons who were not in office at the time of the election when such duties should have been legally performed, can be required by *mandamus* to perform such neglected duties of their predecessors, I dissent. The statute in language too plain to be misunderstood imposes on this Court the duty of requiring all officers, mentioned therein, to perform their duties legally, and does not permit any election officer to escape the remedial force and effect thereof by an illegal or erroneous discharge of his duties equivalent to and more insidious than a positive refusal to discharge such duties at all. Ignorance of law is no excuse for an election officer, and therefore his failure to legally discharge his duties must be treated as a refusal to do so. Otherwise the statute is rendered ineffectual to accomplish the end of its enactment, being the true ascertainment of the result of all elections by those appointed for this purpose under the mandatory supervision of this Court, and thereby the public service is injured, public morals corrupted, and the public weal forgotten, contrary to the plainly expressed will of the people through their lawmakers. The statute only authorizes the Court to compel those, who omit to do so, to per-

form their duties legally, and does not permit the Court to visit the sins of election officers on their predecessors in some office. Until election officers have performed their duties legally they are the proper custodians of the poll books, tally sheets and ballots, and until they have so performed their duties they are still in office for this purpose. This is in accordance with a true public policy for the promotion of just and fair elections. *Hebb* v. *County Court,* 49 W. Va. 746; *Smith* v. *Lawrence et al.* (S. D.) 49 N. W. 7.