E. L. Phillips *et al.* v. Town of Corinne *et al.*

(No. 7442)

Submitted September 7, 1932. Decided September 20, 1932.

E. L. *Phillips, Wm. M. Holroyd,* and *R. F. Musgrave,* for relators.

*John R. Pendleton* and *Russell S. Ritz,* for respondents.

LITZ, JUDGE:

The relators seek a peremptory writ of mandamus commanding the former council of a defunct municipal corporation to levy taxes upon the property situate within its limits sufficient to satisfy a judgment against it in favor of relator, Robert Bryant.

January 17, 1930, Robert Bryant, an infant, sustained personal injury from an explosion of gasoline in an abandoned gasoline tank in the town of Corinne, Wyoming county, belonging to Guyan Valley Oil Company, a corporation. In an action instituted by him in the circuit court of Wyoming county against the town and Guyan Valley Oil Company to recover damages for his injury, judgment of $1,000.00, in his favor, was rendered on appeal to this court.

June 30, 1931, W. E. Mullins and J. E. Martin as citizens and property owners of Corinne filed their petition in the circuit court of Wyoming county praying for the forfeiture of the charter of the town, under chapter 8, article 2, section 13 of the Code, upon the ground, among others, that it had failed for one year to exercise its corporate powers and privileges. Judgment was entered in the proceeding by this court May 30, 1932, on an appeal from the circuit court, forfeiting the charter of the municipality for failure of one year to exercise its corporate powers and privileges.

It is now sought to compel those who were nominally recognized as councilmen of the town at the time of its dissolution which was legally effected to levy taxes on the property within its limits to satisfy the judgment in favor of Bryant.

Whether relators may successfully assert another remedy (a matter not before us), clearly they are not entitled to relief by mandamus. "A mandamus cannot be brought against an officer in his official capacity after his term of office has ended." *Dent v. Taylor Court,* 45 W. Va. 750, 32 S. E. 250. "A writ of mandamus does not lie against the mayor and councilmen of a city to compel them to reconvene as a canvassing board and recanvass an election for city recorder, their terms having expired, when mandamus is

asked.'' *Holderman* v. *Schane*, 56 W. Va. 11, 48 S. E. 512. ''The general rule is that mandamus will not issue to compel anyone other than an officer to perform an official act, and *there must be some one in being having the power and whose duty it is to perform the act.*'' 38 C. J. 604. Where a municipal corporation has been legally dissolved, mandamus will not lie against its former officials. 1 McQuillan on Corporations, sec. 317; 1 Dillon's Municipal Corporations (4th Ed.), sec. 170; *Barkley* v. *Levee Commissioners*, 93 U. S. 258.

The writ is, therefore, denied.

*Writ denied.*