## CHARLESTON.

STATE *ex rel.* v. JAMES *et al.*

Submitted October 1, 1913.    Decided March 31, 1914.

MANDAMUS—*Grounds—Recovery of Property—Corporation.*

   Mandamus does not lie at the suit of one claiming to be the lawful holder of a corporate office to recover property appurtenant thereto, and in the hands of a person not claiming title to such office.

Original application for writ of mandamus by the State, on the relation of D. M. James, against J. C. James and others.

        *Writ Refused.*

*Price, Smith, Spilman & Clay* and *Clement R. Lawson,* for petitioner.

*T. N. Read,* for respondents.

WILLIAMS, JUDGE:

D. M. James, claiming to be the secretary and treasurer of the William James Sons' Company, a corporation, makes original application to this court for a writ of mandamus to compel J. C. James to surrender to him possession of said office and the books of accounts, papers, records and moneys appurtenant thereto, which he alleges were unlawfully assumed and taken, and are now held by said J. C. James.

It appears that the William James Sons' Company is a corporation, organized under the laws of the State of West Virginia, engaged in the lumber business and in the construction of houses for rental and sale, having its principal office at Hinton, West Virginia; that at a regular annual meeting of the stockholders held at the company's office at Hinton, West Virginia, on February 21, 1912, certain named stockholders were elected directors for the ensuing year, among whom were the relator who resides in Newton, Massachusetts, and respondent who resides in Hinton, West Virginia; that at a meeting of the board of directors held on the 8th March, 1912, relator was elected secretary and treasurer; that since said annual meeting of the stockholders on the 21st February, 1912, there has been no other stockholders meeting and, consequently, no subsequent election of directors or other officers; that under the by-laws of the corporation, the directors and officers hold over until their successors are elected. It also appears that respondent is in possession of the books of accounts and bank accounts of said company, and that he has, for some time past, been collecting the rents due it on its houses in Hinton, and moneys from other sources, and refuses to account to relator for them. Respondent admits this, but claims to be the owner and rightful custodian of said funds by virtue of a purchase of all the shares of stock in said company owned by relator and certain others of the stockholders, and exhibits a copy of the contract of purchase thereof with his return. It does not appear that respondent has in his possession the stock books and books containing the by-laws and records of stockholders' and directors' meetings of said company, or that he ever was elected to, or now claims to be the holder of, the office which is sought to be recovered by this proceeding. He avers that he is the lawful general manager of the company, duly elected, and that he has never been removed as such, and has acted in that capacity for many years past; that his acts and relations toward the corporation are solely of a private and contractual nature, and he files with his return a writing signed by D. W. James, the president and comptroller of the corporation, directing him not to turn over to relator the books, accounts, and property of said corporation now in his possession. He also avers a

number of other matters in excuse for his refusal to obey the request of relator which we do not think are material to a determination of the case. Before relief by mandamus can be given, the relator must show himself clearly entitled to the writ; and while it is clearly established in this State and in Virginia that mandamus is a proper remedy to determine title to an office in a private corporation as well as a public office, and to restore thereto the rightful claimant, and, as an incident to such relief, to restore also to the rightful claimant the property belonging to such office, still we know of no authority for the use of the writ to recover possession of the property appurtenant to the office from a private person not claiming title to the office. The law provides other remedies for the recovery of property. True respondent denies relator's title to the office, but he does not assert title thereto in himself, nor does it appear that he ever held, or that he now holds, such office. Therefore, without determining whether relator is entitled to the books, papers, moneys, and accounts, admitted to be in possession of respondent, concerning which question there is some doubt in view of certain provisions of the by-laws which make the president the chief executive officer of the company and which make the cashier the custodian of its moneys and books of account, we deny the writ on the sole ground that it is not made to appear that relator is in possession of, or that he claims title to, the office of secretary and treasurer.

The writ is denied.

*Writ Refused.*