# CHARLESTON.

STATE *ex rel.* CITY OF BENWOOD *v.* BENWOOD & McMECHEN WATER COMPANY.

Submitted September 18, 1923.    Decided October 16, 1923.

1.  MUNICIPAL CORPORATIONS—*May Regulate Use of Streets by Public Service Corporation.*

    A municipal corporation is vested with authority under its police power reasonably to regulate the use of its streets and other ways by public service corporations acting under franchise from the municipality.   (p. 731).

2.  MANDAMUS—*Will Not be Superseded by Another Remedy, Unless Specific and Appropriate to Circumstances of Particular Case.*

    Relief by mandamus will not be superseded by another remedy unless such remedy be specific and appropriate to the circumstances of the particular case, compelling performance of the duty in question.   (p. 730).

3.  COURTS—MANDAMUS—*Supreme Court of Appeals has Original Jurisdiction, Where Existing at Common Law; Jurisdiction by Mandamus Exists at Common Law to Compel Municipal Corporation to Reasonably Regulate Use of Streets by Public . Service Corporation.*

    The Supreme Court of Appeals has original jurisdiction in all cases of mandamus where jurisdiction by mandamus exists at common law; and such jurisdiction exists at common law for the enforcement of authority by a municipal corporation reasonably to regulate the use of its streets by a public service corporation acting under franchise from the municipality. (p. 729).

Mandamus by the State, on the relation of the City of Benwood, to require Benwood & McMechen Water Company to remove and replace a water main.

*Peremptory writ awarded.*

*A. W. Laas*, for relator.

*G. R. C. Wiles*, for respondent.

LITZ, JUDGE:

. The City of Benwood, a municipal corporation, seeks by petition to this Court a peremptory writ of mandamus, commanding Benwood & McMechen Water Company, a corporation, to remove its water main lying on, in and beneath Eighth Street of said city, and relay the same under and beneath the sidewalk bordering this street on the north.

The petition states that the petitioner is a municipal corporation within the county of Marshall, State of West Virginia, and as such has power and authority granted to it, and reposing in its common council, by its charter and by general law, to lay out and cause to be opened any streets, walks, alleys and public grounds, or to extend or widen the same; and to grade any street, alley, walk or public ground which is,

or shall be established within the said city; to pave, or otherwise improve the same; to cause them to be kept open and in good repair, and generally to ordain and enforce such regulations respecting the same, or any of them, as shall be proper for the health, interest and convenience of its inhabitants; that pursuant to franchise for thirty years granted by the common council of petitioner to respondent's predecessor in the year 1897, a system of pipe lines has been installed, and continuously maintained and operated in, on and beneath the streets and alleys of said city for the purpose of supplying water to the city, the inhabitants thereof, others doing business therein, and consumers in territory beyond; that the main of respondent's water system lies beneath Eighth Street, a very busy thoroughfare, ''from the alley between Main Street and Water Street, running in an eastern direction to Bessemer Street''; that petitioner is about to improve and relay Eighth Street with an eight-inch concrete surface, so that in repairing breaks or leaks frequently occurring in said main on that street, it would be necessary to break and remove the concrete surface and dig up the street; thereby causing interference with traffic and entailing serious difficulty in replacing the concrete as originally constructed. The petition also avers respondent's refusal to comply with an ordinance directing removal and relocation of said main.

Respondent moved to quash the alternative writ awarded, and filed its return thereto, denying that the water main on Eighth Street is liable frequently to break or leak, and further denying that it would be difficult to restore the concrete surface of the street in event of removal for the purpose of repairing breaks or leaks in said main; or that traffic upon said street would be affected by the disturbed condition of the street incident to such work.

The return further states that respondent by its said water plant and system furnishes water to the city and inhabitants of McMechen as well as to the city and inhabitants of Benwood; that its water service lines and fire hydrants were laid and installed in, along and under the streets and alleys and public ways of the city of Benwood in strict accordance with the terms and conditions of said franchise and under

the supervision and direction of the municipal authorities of the city; that the water main on Eighth Street sought to be removed and relocated is of heavy cast iron pipe eight and ten inches in diameter, laid in first class, workmanlike manner five feet beneath the surface of the street; that this is the main line used by respondent for conveying water from its pumping station to its reservoir in South Benwood and to the adjoining town of McMechen; that the removal thereof would involve the expenditure of a large sum of money for labor and materials, interrupting water service to the cities of Benwood and McMechen for many days, and leaving both of said cities without fire protection or water service during the time required for the removal and relocation; that it has no authority under its franchise to invade the space now occupied by the sidewalk on the north side of Eighth Street for the purpose of relocating said water line; that under the terms of its franchise respondent is required to maintain a pressure of eighty-five pounds per square inch on said line and when the water is being pumped to the reservoir in South Benwood, this pressure rises to one hundred and ten pounds; that if required to remove and relocate said line respondent would also become involved in claims for damages by abutting property owners on the north side of Eighth Street; and in event of a break in said line at its new location, *on account of the heavy pressure carried,* much property loss and damage likely would ensue to adjoining property owners.

The affidavit of J. W. Landers, member of the common council of the City of Benwood, filed in support of the petition, states: that the portion of Eighth Street occupied by respondent's main is approximately five hundred feet in length with an average width of about forty feet from curb to curb; that the main on Eighth Street is located four feet south of the north curb line from the alley between Main and Water Streets to the alley between Main and McMechen Streets, and thence to Bessemer Street, it lies diagonally across Eighth Street; that Eighth Street in its proposed improved condition will be narrowed by adding two feet to the width of the sidewalk on the north; that the pipes composing this main are practically the same as those originally laid twenty-five

years ago, and that within the last year two serious breaks have occurred in said main on Eighth Street, in each instance necessitating the tearing up of the street for some distance and seriously impairing its use by the public for a considerable time.

Respondent files the affidavit of its superintendent, Michael Dolan, stating: that respondent's water main extends over Eighth Street for about six hundred feet, four hundred and fifty feet of the way being laid with heavy eight-inch cast iron pipe connected by leaded joints, and the remaining distance with heavy ten-inch cast iron pipe, similarly connected; that this main, located about five feet from the north curb line of the street at a depth of five feet below the surface, constitutes a part of the main lead line of respondent's water plant and system, through which water is pumped to the reservoir in Benwood and furnished to the adjoining town of McMechen; that said water system has been in operation for about twenty-six years, and that within the last past ten years, during which time he has been in respondent's employ, only two breaks have occurred in the main on Eighth Street, one about six years, and the other four years ago, each of which was repaired in about twenty-four hours without interference with traffic; that there is no serious practical difficulty in cutting through the paving proposed to be laid on Eighth Street of eight-inch concrete and replacing the same as originally laid; that the relaying of said main under the sidewalk on the north side of Eighth Street would require the tearing up and replacing of the sidewalk constructed of brick and concrete; that the north side of Eighth Street is built up of residences and business houses and in many places the proposed location of the water line would be within four feet of the front of the houses along that side of the street, so that the construction of the water line under the sidewalk would interfere with the ingress and egress to and from such buildings, and in case of a break in the line at the proposed location great danger and inconvenience would result to adjoining property owners; that there is no sidewalk or passageway for pedestrians on the south side of Eighth Street and if the water line should be removed to the north side and placed

under the sidewalk, while such work was in progress, all pedestrians on Eighth Street would be required to use the open street with constant danger from automobiles and other vehicles; that greater public inconvenience would be sustained in the event of a break in the main, if placed under the sidewalk, than would occur from permitting it to remain in its present location; that to remove and relay it as proposed would require at least two weeks' work, with an expenditure of about $5,500.00, resulting in reduction of revenues to respondent of from $1,000.00 to $2,000.00 and in cutting off water from the city of McMechen, which has a population of about five thousand; and also prevent the transportation of water to the reservoir in Benwood, leaving both cities without fire protection.

The grounds set forth in respondent's motion to quash are:

(a)   That this Court does not have original jurisdiction in cases of mandamus instituted pursuant to the provisions of Section 28-b (1) of Chapter 47 of the Code of West Virginia (Acts 1905, Chap. 49).

(b)   That the facts alleged in said alternative writ are insufficient to constitute a cause of action against the respondent.

(c)   That the facts alleged in said writ do not show the existence of any duty or obligation on the part of respondent, embodied in the ordinance, voluntarily assumed or imposed by law, to do or perform many of the matters and things sought to be compelled as against the respondent by the command of said writ.

(d) · The averments of said writ do not show any clear legal obligation on the part of respondent to do and perform the acts sought to be compelled by said writ.

(e)   That the petitioner has an adequate legal remedy in another forum under the express terms of the ordinance for redress against respondent in the event it shall sustain any injury or damage on account of the installation, maintenance and operation of respondent's water lines, or otherwise.

We will consider them in the following order:

(1)   Section 28-b (1) of Chapter 47 of the Code provides:

"That in all cases where any individual, association of individuals or corporation has obtained or shall here-

after obtain any right, license, privilege or franchise to operate a street car line, lines or cars in whole or in part upon the public roads of any county, or the streets of any city, town or village, or to furnish to such county, city, town or village, or the inhabitants thereof water or gas or· electricity, or to construct or operate a telephone system in any such county, city, town or village, and the terms, conditions or manner of exercising such right, license, privilege, or franchise are embodied in the order of the county court of said county, or order, resolution or ordinance of said city, town or village conferring the same, or are otherwise, either voluntarily or by law, imposed upon or assumed by said individual, association of individuals or corporation, that then and in each of such cases the circuit court of the county in which said city, town or village is situated shall have power by mandamus to compel such individual, association of individuals or corporation, and their assigns, to use and exercise such right, privilege, license or franchise in accordance with the terms and conditions and in the manner so prescribed in said resolution, order or ordinance or otherwise lawfully so defined or assumed, and to do and perform each and every obligation and duty attached to said right, privilege, license or franchise, whether such obligation and duty be voluntarily assumed or by law attached thereto or imposed thereby.''

Section 3, Article VIII of the Constitution, and Section 4, Chapter 113, Code, each confers upon the Supreme Court of Appeals original jurisdiction in cases of mandamus. But we need not decide whether or not a statute *creating* in the circuit courts jurisdiction by mandamus, operating with Section 3, Article VIII of the Constitution, and Section 4, Chapter 113, Code, would vest like original jurisdiction in this Court. Section 28-b (1), Chapter 47, does not *create* a new jurisdiction but is simply declaratory of the common law. McQuillin Municipal Corporations, Section 1766. Then as jurisdiction in the case exists at common law, this Court has original jurisdiction under the constitutional provision.

(2) The fifth ground, that petitioner has adequate remedy by suit for damages, is equally unworthy. Treatment of effects will not remove causes. Another remedy, which supersedes relief by mandamus, must be specific and appropriate

to the circumstances of the particular case, *compelling performance of the duty in question.* Pipe Line Company v. *Riggs,* 75 W. Va. 353; *Hall* v. *County Court,* 82 W. Va. 564; 2 Spelling on Injunction and Extraordinary Remedies, Section 1375.

(3)    The second, third and fourth grounds may properly be combined and discussed with the merits of the case, as the proof in behalf of petitioner is confined to the allegations of the petition.    The situation therefore resolves itself into a question as to whether a case justifying the relief sought has been established.    There can be no question of the city's right to compel relocation of respondent's water main, although originally located under the direction and supervision of the municipal authorities, if warranted by the facts.

"Pipes, conduits, rails, and structures erected or constructed in the city streets under a general grant of authority to use the streets therefor *are subject to the paramount power and duty of the city* to repair, alter, and improve the streets as the city in its discretion may deem proper, and to construct therein sewers and other improvements for the public benefit.    This paramount power and duty of the city is clearly governmental in its nature, and in many cases at least, forms a part of the police power of the municipality.    The decisions hold that the grantee of the franchise has no cause of action for any damage which it may sustain by acts of the city in *reasonably* performing its duty in these respects." Dillon Municipal Corporations, Fifth Ed., Sec. 1271.

Such grant is always taken subject to the exercise by the municipality of proper general police powers.    This is so for the obvious reason that a municipal corporation could not, if it would, make any grant of that kind which would disable itself from the exercise of just police powers, since they are governmental and therefore indispensable.    *Town of Mason* v. *Railroad Co.,* 51 W. Va. 183; *Railroad Company* v. *Transportation Company,* 25 W. Va. 234; *Douglas* v. *Ky.,* 168 U. S. 488; *Chicago etc. Co.* v. *Quincy,* 29 Am. St. R. 334.

In the recent case of *City of Bluefield* v. *Public Service*

*Commission,* (West Va.) 118 S. E. 542, we approved the rule stated in Pond on Public Utilities, Section 410, as follows:

> "The proper exercise of the police power permits the municipality as well as the State, independent of any franchise grants or statutory authority that may be conferred either upon the public service corporation or the muncipality, to protect the interests of the public in the reasonable use and enjoyment of the streets and highways for which they were dedicated, and in the interest of the public to conserve the public health and the general welfare and convenience of the people. Under the rule which is universally accepted, the municipality has not the power to abridge or surrender its rights to perform its duties to the public, especially in maintaining its streets for the advantage of the public as a means of transportation and communication, and the municipal officers cannot bind their successors in the proper discharge of such duties, because such powers are legislative, and cannot be abridged."

Do the facts, under the city's authority reasonably to regulate the use of its streets by public utilities acting under municipal franchises, warrant the relief sought? There is plausibility in the position of respondent, that owing to the liberal width of the street and close proximity to its northern border of the water main the work of repairing breaks and leaks in the pipes would not so encroach upon the street as to affect materially traffic thereon. (But petitioner asserts that at places the pipes lie diagonally across the street.)

Respondent also makes claims, unchallenged by petitioner, that to relocate the water line would cost $5500.00, cause interruption for days of water service to the cities of Benwood and McMechen, and result in serious burdens to the respondent in maintaining the line at its proposed location. Must we accept these claims, though unanswered by petitioner, as facts?

The pipe line need not be disturbed until it has been uncovered and a new trench dug for its reception. Only a short time (relatively) then should be required to remove and reconnect it. The estimated cost of relaying the pipes also may

have been strengthened for the purposes of the case. No analysis is given for its basis. The contention of respondent that the maintaining of its water main at the proposed location would subject it to frequent claims for damages by abutting property owners, involves tacit admission that, by reason of the heavy pressure carried, the pipes are liable to break.

In view of the long use of the pipes under heavy pressure, which will continue, it is, we think, fair to assume that they have broken, and are liable to break, frequently, as petitioner contends.

Considering, then, the facts: that the street in question is a busy thoroughfare; that the pipe line, on account of its long use and continuous strain, is subject to frequent breaks and leaks; that a part of it lies diagonally across the street; and that it would at least require great care in restoring the street in event of its disturbance resulting from the repairing of breaks or leaks in the pipe line, we are of opinion to award the peremptory writ as prayed for.

*Peremptory writ awarded.*