ETTA M. ROBERTS *v.* EDWARD L. STEINBICKER, *Sheriff*

(No. 8024)

Submitted September 25, 1934. Decided October 2, 1934.

*Schmidt, Hughus & Laas* and *B. S. Honecker,* for relator.

HATCHER, JUDGE:

After the existence of independent school districts was

terminated in May, 1933, by the passage of the county unit bill, the legislature invested a board of trustees with the control, etc., of the Wheeling Public Library—theretofore controlled by the board of education of the Wheeling Independent School District. The Act provided that the trustees should be appointed by the judges of the circuit court of Ohio County. See Acts, Extraordinary Session, 1933, chapter 118. In compliance with the Act, the judges appointed the trustees, who, after organizing as a board on July 1, 1933, employed the relator herein as librarian of the said library. She has served in that capacity ever since. The Act provided a special levy for the maintenance of the library, to be disbursed by the board through warrants drawn on the sheriff of Ohio County. Such warrants for the monthly salary of the relator were honored by the respondent sheriff, until May, 1934, when he refused payment of the warrant for that month. This proceeding is brought to require payment.

The respondent has filed no answer. The relator alleges that he refused to pay her warrant, on the ground that the part of the Act providing for the appointment of the trustees by the judges, violates Articles V and VI (section 40) of the Constitution.

It is not necessary for us to pass on the constitutionality of the appointment of the trustees. (Incidentally, *State* v. *Barker,* 116 Iowa 96, 89 N. W. 204, 93 Am. St. Rep. 222, 57 L. R. A. 244, is an interesting case in point.) The trustees of the board are *bona fide* claimants to their offices, with colorable title thereto. If not *de jure,* the trustees are clearly *de facto* officers. *Franklin* v. *County Court,* 86 W. Va. 479, 103 S. E. 330; *Bailey* v. *County Court,* 92 W. Va. 67, 114 S. E. 517. The acts of a *de facto* board (before removal from office) which relate to the rights of others, are valid. This is not only the general law but is also statutory. "* * * all acts done by any person, by authority or color of any office * * * under the * * * government * * * of this state, before his removal therefrom shall be valid, though it afterwards * * * may be * * * adjudged that he was not lawfully * * * ap-

pointed." Code 1931, 6-5-3. *Privett* v. *Board*, 104 W. Va. 35, 40, 138 S. E. 461. See generally *State v. Carter*, 49 W. Va. 709, 39 S. E. 611; *B. & L. Ass'n*. v. *Sohn*, 54 W. Va. 101 (section 11, syllabus), 46 S. E. 222; 46 C. J., subject Officers, sec. 378.

Therefore, the writ will issue.

*Writ issued.*