STATE OF WEST VIRGINIA, *ex rel.* FRED H. SCANES, JR. *v.* SAMUEL M. BABB

(No. 9337)

Submitted April 22, 1942. Decided June 2, 1942.

*Wm. T. George* and *William T. George, Jr.*, for plaintiff in error.

*Stathers, Stathers & Cantrall* and *Lawrence R. Lynch,* for defendant in error.

RILEY, JUDGE:

The State of West Virginia at the relation of Fred H. Scanes, Jr., instituted in the Circuit Court of Harrison County its information in the nature of a writ of quo warranto to test the claim of the respondent, Samuel M. Babb, as a member of the Clarksburg Water Board. The relator prosecutes this writ of error to a final order of the Circuit Court of Harrison County, sustaining the demurrer to, and dismissing the information.

The information alleges that the Clarksburg Water Board, created by the Charter of the City of Clarksburg, Municipal Charters, Acts West Virginia Legislature, 1921, Chapter 6, is composed of three members, elected, respectively, for terms of six years, one of said members being elected at each regular biennial election; that in 1939 the board was composed of Patrick H. Shields, J. Ransel Romine, and March L. Pritchard, elected, respectively, in the years 1935, 1937, and 1939, commencing on May 1st after their respective elections; that Pritchard resigned on December 18, 1939, and the remaining members continued to serve; that on April 21, 1941, this Court entered an order affirming the judgment of the Circuit Court of Harrison County in removing Shields; that at a special meeting of the board on April 22, 1941, and an adjourned meeting on April 23rd, the remaining member, Romine, appointed one James S. Rodney for Shields' unexpired term, which would end at midnight on April 30, 1941;

that Rodney took and subscribed to the oath of office and was duly qualified as a member of the board on April 23, 1941; that at said meeting Romine and Rodney appointed relator Scanes as a member of the board for Pritchard's unexpired term which would end at midnight April 30, 1945; that Scanes took and subscribed to the oath of office and was duly qualified as a board member and is now acting as such; and that all of the said acts were done in accordance with Section 7 of the charter.

The information further alleges that on April 1, 1941, a primary election was held for the nomination of candidates for city council and a member of the board; that although there could be legally nominated at this election only one member of the board, whose term would begin on May 1, 1941, and candidates for city council, the respondent Babb announced his candidacy for Pritchard's unexpired term; that Babb's name was placed on the election ballot at the primary election for what was designated as the "short term"; that the ballot commissioners placed Babb's name on the ballots made up for the regular election to be held April 15, 1941, for the designated "short term" on the Republican ticket, and Rodney's name as a candidate for the designated "short term" on the Democratic ticket; that Babb received a majority of the votes cast and a "so-called" certificate of election was thereafter furnished him by the city council, acting as a canvassing board; that Babb has attempted to qualify and is now holding himself out to the public as a legally elected member of the board; and that he did and still does intrude and usurp the public office of member of the board against the peace and dignity of the State of West Virginia.

The initial question is whether the relator has such an interest as would entitle him to prosecute this information. Code 53-2-4, provides that, " * * * any person interested may, in the name of the State of West Virginia, apply * * * for leave to file an information in the nature of a quo warranto * * *." In *State ex rel. Depue* v. *Matthews*, 44 W. Va. 372, 29 S. E. 994, this Court held that

the interest must be otherwise than as a citizen and tax-payer. To like effect see *Newman* v. *United States ex rel. Frizzell,* 238 U. S. 539, 35 S. Ct. 881, 59 L. Ed. 1446; *Vrooman* v. *Michie,* 69 Mich. 42, 36 N. W. 749. It follows that the relator's interest in this proceeding must be tested under Section 7 of the charter which reads in part:

"The elective officers of the city of Clarksburg shall consist * * * of a water board composed of three members * * *.

\* \* \*

"At the election to be held on the third Tuesday in April in the year one thousand nine hundred and twenty-one, there shall be elected a member of the water board to serve for a term of six years beginning on the first day of May next following. The other members of the water works board in office in the city of Clarksburg at the time this act becomes effective shall serve out the remainder of their respective terms, and at each regular biennial election after one thousand nine hundred and twenty-one, there shall be elected one member of the water board to serve for a term of six years beginning on the first day of May next following the election.

"Any vacancy in the office of councilman shall be filled by appointment by the remaining members of the city council, for the unexpired term, and any vacancy on the water board shall be filled by appointment by the remaining members of the water board, for the unexpired term."

It is evident that Section 7 of the charter, providing for the filling of vacancies on the water board, is inaptly drawn. We say this because it expressly provides only for the filling of a single vacancy. In fact, the use of the words "remaining members" instead of remaining member or members, or some similar expression, indicates that the charter does not provide for the filling of vacancies on the board where, as in the instant case, two vacancies occur, or, as well may happen, the whole membership of the board becomes vacant. So the question arises di-

rectly in this case whether Romine as the single remaining member of the board which, under the statute is to be composed of three members, may constitute the board for the purpose of filling vacancies and appoint a second member. If he may, the word "members" in the statute must, as applied to the instant case, be construed to mean "member". We are, of course, well aware that under Code, 2-2-10, the singular may be construed as the plural and the plural as the singular in the construction of a statute when to do so will carry out the evident intent of the legislature. However, in the instant case we do not think the legislative intent would be subserved by so doing, and thus permitting one member of a public body, composed of three members, virtually to meet with himself and fill vacancies. This is exactly what Romine did, and in so doing he certainly did not make Rodney an officer de jure. If Rodney became an officer at all, his status never rose higher than that of a de facto officer. Let us assume, however, that he was a de facto officer when he and Romine met and attempted to appoint Scanes as the third member of the board. What then is the result? To state the question another way: Can a de jure officer be created by a body which included a de facto member, whose vote is necessary to make the appointment? This is the inevitable question in this case. In the recent case of *Von Nieda* v. *Bennett*, 117 N. J. L. 231, 187 A. 629, 106 A. L. R. 1320, the Supreme Court of New Jersey held, as stated in the syllabus, that, "A de facto body can not create a de jure officer". There the vote of a de facto member of the board of commissioners was necessary to give a majority in the appointment of certain officers, and the Court held that the appointees never rose to the status of de jure officers. The Court's reasoning in that case is sound and appeals to us. See note, *id.* A. L. R. 1324 to 1326, inclusive. It follows that Scanes is not an officer de jure.

But is relator entitled to maintain this proceeding on the theory that he is a de facto officer? We think not. To constitute an officer de facto three things are neces-

sary: (1) The office must have a de jure existence, or at least be one recognized by law; (2) claimant must be in actual possession thereof; and (3) his possession must be held under color of title or authority. Constantineau on the De Facto Doctrine, Section 26. Where the person claiming office is without a de jure right thereto, he must have actual possession and control of the office. *Id.* Section 73; see also *Propst* v. *Calhoun County Court,* 88 W. Va. 409, 412, 106 S. E. 878; Judge Brannon's dissent in *Dial* v. *Hollandsworth,* 39 W. Va. 1, 8, 19 S. E. 557.

An examination of the information under appraisement presents an anomalous situation concerning the possession of the office. The information alleges that the relator "took and subscribed to the oath of office and on said date duly qualified as a member of said board, and is now acting as such member." It also alleges that at the election held on April 15, 1941, Babb received a majority of the votes cast for the "short term"; that he received a "so-called" certificate of election furnished by the city council, acting as a canvassing board; that he has attempted "to qualify as an elected member of the said Clarksburg Water Board, and is now holding himself out to the public to be a legally elected member of said water board, and that the said Samuel M. Babb did intrude into and usurp and still does intrude into and usurp the public office of member of the Clarksburg Water Board." What is meant by the word "usurp" in this last allegation of the information? Where technical words are not employed, this Court will use their ordinary meaning. "Usurp" is defined in Webster's New International Dictionary, Second Edition, 1934, as "To seize and hold any office by force, and without right;—applied to seizure of office, place, functions, powers, rights," etc. It would seem that the relator claims that both parties are occupying the same office at the same time, which is not legally possible where the law, as here, provides for one incumbent only. In *Holdermann* v. *Schane,* 56 W. Va. 11, 13, 48 S. E. 512, 3 Ann. Cas. 170, this Court held that there can not be a de facto and a de jure officer in the same office at the same time. *State ex rel. Harris* v. *Blossom,* 19 Nev. 312, 10 P. 430. The rule applies

with equal force to de facto officers. "Two persons can not, at the same time, be in the actual occupation and exercise of an office, as officers de facto when the law provides for only one incumbent." Constantineau on the De Facto Doctrine, Section 78. *McCahon* v. *Leavenworth County Commissioners,* 8 Kan. 437; *Conover* v. *Devlin,* 15 How. Pr. (N. Y.) 470, 479, 6 Abb. Pr. 228; *State ex rel. Robert* v. *Murphy,* 32 Fla. 138, 13 So. 705. So whether Babb, under his claim of office as alleged in the information is a de jure or de facto officer matters not. But Scanes' status matters. As we have said, he is not a de jure officer and, under the authorities which we have just cited, if the allegations of the information are taken as true, and on a demurrer they must be so taken, he is not a de facto officer. Does he then have such interest in the office in question that he can maintain this information? Certainly not. If he is not a de jure or de facto officer, his interest does not rise higher than that of the relator in the case of *State ex rel. Depue* v. *Matthews, supra,* and *Newman* v. *United States ex rel. Frizzell, supra,* and therefore is not an interested party within the meaning of Code, 53-2-4.

For these reasons we are of opinion that the trial court did not err in sustaining respondent's demurrer to and dismissing the information. The judgment of the trial court, therefore, should be affirmed.

*Affirmed.*