CLAUDE STOWERS

*v.*

WILLIAM F. BLACKBURN, *et al*

(No. 10755)

Submitted September 7, 1955. Decided November 22, 1955.

*Hiram G. Williamson,* for relator.

*J. Brooks Lawson,* for respondents.

HAYMOND, JUDGE:

This is an original proceeding in mandamus instituted in this Court in which the petitioner, Claude Stowers, seeks a writ to require the defendants, William F. Blackburn, Kenneth W. Eaton, Walter McCoy, Calvin Slone, members, and John Layne, mayor and member, of the Council of the City of Williamson, West Virginia, a municipal corporation, to restore and reinstate him to

the office of chief of the fire department of that city, from which office the petitioner contends he was illegally removed by the council as of September 11, 1954 and by the invalid action of the civil service commission of that city in affirming such removal on October 25, 1954, after a hearing of the charges preferred against him by the council, and to require the defendants to take the necessary action to pay the petitioner his salary from the date of his wrongful removal on September 11, 1954.

At the time the petitioner was notified of his removal by the council on September 14, 1954, and when his removal was affirmed by the commission on October 25, 1954, P. B. Maynard was mayor of the city and he, Wallace W. Farley, Leonard Esteppe and John Layne were members of the council. The defendant John Layne is the present successor in office of P. B. Maynard, whose term as mayor has expired, and the defendants William F. Blackburn, Kenneth W. Eaton, Walter McCoy and Calvin Slone are the present members of the council and the successors in office of Wallace W. Farley, Leonard Esteppe and the other former members of the council whose terms of office have also expired.

Upon the petition filed July 27, 1955, this Court issued a rule against the defendants returnable September 7, 1955. On September 2, 1955, the defendants filed their demurrer and their answer to the petition and on September 7, 1955, this proceeding was submitted for decision upon the foregoing pleadings, written stipulation by the attorneys for the parties relating to the record, and the briefs and the oral arguments of the attorneys in behalf of the respective parties. By leave of this Court a brief has been filed by H. L. Ducker, an attorney at law, in behalf of the International Association of Fire Fighters as amicus curiae.

On September 14, 1954, the petitioner, who had been previously appointed to the office of chief of the fire department of the City of Williamson and was then occupying and performing the duties of that office, was notified

in writing by the mayor and a majority of the members of the council then in office that he was suspended from duty as chief of the fire department as of September 11, 1954. This notice, which was served upon the petitioner on September 14, 1954, specified several separate acts of misconduct for which the petitioner was suspended from office.

On September 17, 1954, the petitioner filed his answer denying the charges stated in the notice, and demanded a hearing before the civil service commission of the City of Williamson, the membership of which was then composed of Claude Weaver, Chairman, W. E. White and Paul Hayes, and the hearing of the charges before the commission was set for September 27, 1954. On that date the hearing was continued until October 8, 1954. Evidence was introduced on October 8, 9 and 11, when the hearing was concluded and, on October 25, 1954, the commission, by a vote of two to one, found against the petitioner on one of the charges specified in the notice to the petitioner and affirmed his removal from office.

On September 17, 1954, the then Mayor of the City of Williamson, P. B. Maynard, removed Hayes from the commission, to which he had been appointed on January 7, 1954, by Henry T. Hammond, then acting as mayor, after this Court, in *Maynard* v. *Hammond,* 139 W. Va. 230, 79 S. E. 2d 295, an election contest between Maynard and Hammond involving the right claimed by each of them to the office of mayor of the City of Williamson, had held on December 21, 1953, that Maynard was entitled to that office and had ordered Hammond to vacate it. On September 21, 1954, Maynard filed his petition seeking confirmation of his action in the Circuit Court of Mingo County. By final order entered October 8, 1954, the operation of which was suspended for a period of ninety days, the circuit court confirmed the action of the mayor in removing Hayes from the commission. Hayes obtained an appeal to this Court from that order and during the pendency of the appeal this proceeding was submitted for decision. Upon the appeal the order

of the circuit court was reversed and set aside for the reason that no good cause for removal was alleged or established and that proceeding was remanded with directions to that court to dismiss the proceeding. *Layne v. Hayes,* 141 W. Va. 289, 90 S. E. 2d 270.

On October 8, 1954, while the suspension of the order of the circuit court was in effect, P. B. Maynard, then the mayor of the municipality, appointed Leslie Phillips a member of the commission to fill the purported vacany caused by the removal of Hayes and on that day Phillips, who evidently had knowledge of the pendency of the removal proceeding against Hayes, took the oath of office and, over the objection of the petitioner, assumed to act as a member of the commission during the hearing by it of the charges against the petitioner and cast one of the two votes by which the removal of the petitioner was affirmed by the commission. The petitioner sought an appeal from the order of the commission of October 25, 1954, but the appeal was refused by the circuit court because the petition was not filed within ninety days after the entry of the final order of the commission.

After the entry of the final order of the commission, it appeared that Weaver was a member of a political committee of the City of Williamson and as such was disqualified to hold office as a member of the commission. Weaver then resigned from that office and Victor O. Gruber was appointed a member of the commission as his successor. On May 2, 1955, with White, Gruber and Phillips acting as its members, by a vote of two to one, Phillips casting the dissenting vote, the commission suspended the petitioner for a period of sixty days from September 11, 1954. The order of the commission, entered May 2, 1955, provided that as the original suspension of the petitioner had then exceeded that period, he should be restored to the office of chief of the fire department of the city as of May 2, 1955, and that he was entitled to all the rights, privileges and emoluments of the

office according to law. The mayor and the council refused to restore the petitioner to office, as directed by the order of the commission of May 2, 1955, and the petitioner instituted this proceeding in this Court on July 27, 1955.

In support of his application for a writ of mandamus the petitioner in effect contends: (1) That the action of the commission in affirming his removal by its order of October 25, 1954, by a two to one vote of the members present and assuming to act as such was not the valid action of a majority of its members required by Section 13, Article 6A, Chapter 88, Acts of the Legislature, Regular Session, 1949; (2) that Weaver, who cast one of the two votes, was disqualified to hold the office of a member of the commission; (3) that, as Hayes had not been validly and finally removed from his office as a member of the commission because of the suspension of the order of the circuit court and the pendency of his appeal from that order to this Court, no vacancy existed in that office; (4) that the appointment of Phillips, as his successor, was void; (5) that Phillips, who cast the other of the two votes, was neither a de jure nor a de facto member of the commission; and (6) that the action of the commission, on May 2, 1955, in suspending the petitioner for a period of only sixty days from September 11, 1954, and in reinstating him, restored him to his office and entitled him to the office and the payment of his salary during the time he has been wrongfully deprived of its occupancy.

On the contrary the defendants in substance insist: (1) That the appointment of Hayes by Hammond, after the order of this Court in the litigation between Maynard and Hammond, was invalid; (2) that after the removal of Hayes from office by Maynard and its confirmation by the circuit court by order entered October 8, 1954, a vacancy occurred in that office which was filled by the appointment on that date of Phillips by Maynard; (3) that by virtue of that appointment Phillips was either

a de jure or a de facto member of the commission; (4) that Weaver, though disqualified, was a de facto member of the commission; (5) that the action of the commission, by the majority votes of Phillips and Weaver, in affirming the removal of the petitioner, by its order of October 25, 1954, was valid; (6) that the action of the commission, in suspending the petitioner for sixty days from September 11, 1954 and in restoring him to office by its order of May 2, 1955, was premature and ineffectual, as the commission was without authority to reconsider and reverse its action of October 25, 1954, and, in effect, in restoring him to office, reappointed the petitioner to his former office; (7) that the petitioner had an adequate statutory remedy by appeal to the circuit court from the order of the commission of October 25, 1954, which he failed to invoke; and (8) that, having failed to resort to the remedy, the petitioner can not maintain this proceeding in mandamus.

Though the notice served upon the petitioner relating to his office as chief of the fire department of the City of Williamson and the orders of the commission in connection with it refer to the action taken as a suspension of the petitioner the effect of such action and the proceedings had under the applicable statute was the removal of the petitioner from that office.

The material facts in this proceeding are undisputed and the questions presented are questions of law.

It is well settled by the decisions of this Court that in this jurisdiction mandamus is the proper remedy to admit or restore to office a person who shows a clear legal right to the office and is wrongfully excluded from it. *State ex rel. Thomas* v. *Wysong,* 125 W. Va. 369, 24 S. E. 2d 463; *State ex rel. Lambert* v. *The Board of Canvassers of Nicholas County,* 107 W. Va. 109, 147 S. E. 484; *State ex rel. Looney* v. *Carpenter,* 106 W. Va. 170, 145 S. E. 184; *Hall v. Stepp,* 105 W. Va. 487, 143 S. E. 153; *State ex rel. Hall* v. *County Court of Gilmer County,* 87 W. Va. 437, 105 S. E. 693; *Griffith* v. *County Court of*

*Mercer County,* 80 W. Va. 410, 92 S. E. 676; *Trunick* v. *Town of Northview,* 80 W. Va. 9, 91 S. E. 1081; *Booten* v. *Pinson,* 77 W. Va. 412, 89 S. E. 985, L. R. A. 1917A, 1244; *Martin* v. *White,* 74 W. Va. 628, 82 S. E. 505; *State ex rel. James* v. *James,* 73 W. Va. 753, 81 S. E. 550; *Kline* v. *McKelvey,* 57 W. Va. 29, 49 S. E. 896; *Schmulbach* v. *Speidel,* 50 W. Va. 553, 40 S. E. 424, 55 L. R. A. 922; *Bridges* v. *Shallcross,* 6 W. Va. 562; *Dew* v. *Judges of Sweet Springs District Court,* 3 Hen. and Munf. 1, 3 Am. Dec. 639; *Lewis* v. *Whittle,* 77 Va. 415.

It is likewise firmly established that mandamus will not be denied because there is another remedy, unless such other remedy is equally beneficial, convenient and effective. *Carter* v. *City of Bluefield,* 132 W. Va. 881, 54 S. E. 2d 747; *State ex rel. Lawhead* v. *County Court of Kanawha County,* 129 W. Va. 167, 38 S. E. 2d 897; *State ex rel. Miller* v. *The Board of Education of the County of Mason,* 126 W. Va. 248, 27 S. E. 2d 599; *Hardin* v. *Foglesong,* 117 W. Va. 544, 186 S. E. 308; *State ex rel. Simon* v. *Heatherly,* 96 W. Va. 685, 123 S. E. 795; *State ex rel. Hall* v. *County Court of Monongalia County,* 82 W. Va. 564, 96 S. E. 966; *Eureka Pipe Line Company* v. *Riggs,* 75 W. Va. 353, 83 S. E. 1020, Ann. Cas. 1918A, 995; *State ex rel. White Oak Fuel Company* v. *Davis,* 74 W. Va. 261, 82 S. E. 207; *State ex rel. Kanawha Banking and Trust Company* v. *Melton,* 62 W. Va. 253, 57 S. E. 729; *Daniel* v. *Simms,* 49 W. Va. 554, 39 S. E. 690; *Dunlevy* v. *County Court of Marshall County,* 47 W. Va. 513, 35 S. E. 956.

This Court has held in numerous cases that relief by mandamus will not be superseded by another remedy unless such remedy is specific and appropriate to the circumstances of the particular case and requires performance of the duties sought to be enforced. *Carter* v. *City of Bluefield,* 132 W. Va. 881, 54 S. E. 2d 747; *State ex rel. Looney* v. *Carpenter,* 106 W. Va. 170, 145 S. E. 184; *City of Philippi* v. *Tygart Valley Water Company,* 99 W. Va. 473, 129 S. E. 465; *State ex rel. City of Benwood* v. *Benwood and McMechen Water Company,* 94 W. Va. 724,

120 S. E. 918; *State ex rel. Hall* v. *County Court of Monongalia County,* 82 W. Va. 564, 96 S. E. 966; *Eureka Pipe Line Company* v. *Riggs,* 75 W. Va. 353, 83 S. E. 1020, Ann. Cas. 1918A, 995. This Court has also said that the tendency in this jurisdiction is to enlarge and advance the scope of the remedy of mandamus, rather than to restrict and limit it, in order to afford the relief a party is entitled to when there is no other adequate and complete remedy. *Carter* v. *City of Bluefield,* 132 W. Va. 881, 54 S. E. 2d 747; *Cross* v. *West Virginia Central and Pittsburgh Railway Company,* 35 W. Va. 174, 12 S. E. 1071.

The remedy of an appeal from the order of the commission of October 25, 1954, affirming the removal of the petitioner, afforded the petitioner by Section 13, Article 6A, Chapter 88, Acts of the Legislature, Regular Session, 1949, was not as beneficial, convenient, and effective as the remedy by mandamus and would not require the mayor and the council to restore him to his office or to take the necessary action to pay him his salary. For that reason, neither the existence of the statutory remedy afforded the petitioner, nor his failure to apply for and perfect such appeal within the ninety day period provided by the statute, excludes or supersedes the remedy by mandamus or deprives him of the right to invoke that remedy in this proceeding.

Section 13 of the statute contains, among others, these provisions: "No member of any fire department within the terms of this article shall be removed, discharged or reduced in rank or pay except for just cause, * * *. In every case of such removal or reduction, a copy of the statement of reasons therefor and of the written answer thereto, if the person sought to be removed desires to file such written answer, shall be furnished to the civil service commission and entered upon its records. If the person sought to be removed or reduced shall demand it, the civil service commission shall grant him a public hearing, which hearing shall be held within a period of

ten days from the filing of the charges in writing and the written answer thereto. At such hearing the burden shall be upon the removing officer to justify his action. In event that the civil service commission fails to justify the action of the removing officer, then the person sought to be removed shall be reinstated with full pay for the entire period during which he may have been prevented from performing his usual employment, and no charges be officially recorded against his record. * * *. In event that the civil service commission shall sustain the action of the removing officer the person removed shall have an immediate right of appeal to the circuit court of the county wherein the city or muncipality is situated. Said appeal shall be taken within ninety days from the entry by the civil service commission of its final order; * * *. The circuit court's decision shall be final, saving to the employee, however, the right to petition the supreme court of appeals for a review of the circuit court's decision."

Section 9 of the same statute provides that the terms "appointing officer" as used in the statute shall be construed to be the municipal officer in whom the power of appointment of paid members of the fire department is vested by the charter of the city or the municipality in which such appointment shall be made.

Chapter 136, Acts of the Legislature, Regular Session, 1933, which is the charter of the City of Williamson, provides in Section 5 that the municipal authorities of the city shall consist of a mayor and four councilmen who shall constitute the council of the city and in Section 19 that the mayor shall be a member of the city council and shall be entitled to one vote as such member. Section 17 of the charter declares that all appointive officers, and all officers and employees other than elective officers, of the city shall serve during the will and the pleasure of the council and may be summarily removed from office by the council upon the vote of a majority of its members and Section 36 expressly authorizes the council to ap-

point the chief of the fire department and all its members and employees.

To resolve the controlling question whether the action of the commission by its order of October 25, 1954, based upon the majority vote of Weaver and Phillips, sustained or justified the action of the council in removing the petitioner from that office, it is necessary to consider the separate status of Weaver, Hayes and Phillips with respect to the validity of the acts of Weaver and Phillips as members of the commission at the time of the entry of its order. If the votes of Weaver and Phillips were invalid, or the vote of either of them was invalid, the removal of the petitioner by the council was not justified and, under the express provision of the statute, the petitioner was not removed from, but was reinstated in, his office "with full pay for the entire period during which he may have been prevented from performing his usual employment."

That Weaver, though disqualified, was a de facto member of the commission is clear. His appointment to that office was in all respects valid. He was in possession of the office under the appointment and had performed, and was engaged in performing, the duties of the office at the time of the hearing by the commission of the charges against the petitioner and there was no vacancy in his office. He did not resign until after the hearing was concluded and the final order of October 25, 1954 was entered. His status, until he resigned, was that of a de facto member of the commission.

A person is a de facto officer when he is in possession of an office and discharges its functions under color of authority. 43 Am. Jur., Public Officers, Section 476; *State ex rel. Scanes* v. *Babb,* 124 W. Va. 428, 20 S. E. 2d 683. A de facto officer has been variously defined by courts and writers of authoritative texts. One definition is: "An officer *de facto* is one who has the reputation of being the officer he assumes to be, and yet is not a good officer in point of law." *Calley* v. *Blake,* 126 W. Va. 696,

29 S. E. 2d 634. See *Griffin's Ex'or* v. *Cunningham,* 20 Gratt. 31; Constantineau on De Facto Doctrine, Section 22, page 31; 43 Am. Jur., Public Officers, Section 471. Another and more comprehensive definition is: "An officer *de facto* is one whose acts, though not those of a lawful officer, the law, upon principles of policy and justice, will hold valid, so far as they involve the interests of the public and third persons, where the duties of the officer were exercised; First, without a known appointment or election, but under such circumstances of reputation or acquiescence as were calculated to induce people, without inquiry, to submit to or to invoke his action, supposing him to be the officer he assumed to be; second, under color of a known and valid appointment or election, but where the officer had failed to conform to some precedent requirement or condition, as to take an oath, give a bond, or the like; third, under color of a known election or appointment, void because the officer was not eligible, or because there was a want of power in the electing or appointing body, or by reason of some defect or irregularity in its exercise, such as ineligibility, want of power, or defect being unknown to the public; fourth, under color of an election or appointment by or pursuant to a public unconstitutional law, before the same is adjudged to be such." *Calley* v. *Blake,* 126 W. Va. 696, 29 S. E. 2d 634. See *Franklin* v. *Vandervort,* 50 W. Va. 412, 40 S. E. 374; *State* v. *Carroll,* 38 Conn. 449, 9 Am. Rep. 409; 43 Am. Jur., Public Officers, Section 471. See also *State ex rel. Bailey* v. *County Court of Wayne County,* 92 W. Va. 67, 114 S. E. 517; *Propst* v. *County Court of Calhoun County,* 88 W. Va. 409, 106 S. E. 878; *Franklin* v. *The County Court of McDowell County,* 86 W. Va. 479, 103 S. E. 330. A person duly appointed or elected to an office, but who is in law disqualified to act, is at least a de facto officer. 67 C. J. S., Officers, Section 139.

The acts of a de facto officer, as to the public and third persons, are as valid as if he were a de jure officer. *Calley* v. *Blake,* 126 W. Va. 696, 29 S. E. 2d 634; *Roberts*

v. *Steinbicker*, 115 W. Va. 372, 176 S. E. 435; *State ex rel. Bailey* v. *County Court of Wayne County*, 92 W. Va. 67, 114 S. E. 517; *Propst* v. *County Court of Calhoun County*, 88 W. Va. 409, 106 S. E. 878; *Franklin* v. *The County Court of McDowell County*, 86 W. Va. 479, 103 S. E. 330; *Fairmont Wall Plaster Company v. Nuzum*, 85 W. Va. 667, 102 S. E. 494; *State ex rel. Sommers* v. *Dowell*, 82 W. Va. 240, 95 S. E. 861, L. R. A. 1918D, 1077; *State ex rel. W. H. Wheeler and Company* v. *Shawkey*, 80 W. Va. 638, 93 S. E. 759; *State* v. *Huff*, 80 W. Va. 468, 92 S. E. 681; *State* v. *Medley*, 66 W. Va. 216, 66 S. E. 358; *Godbey* v. *City of Bluefield*, 61 W. Va. 604, 57 S. E. 45; *Old Dominion Building and Loan Association* v. *Sohn*, 54 W. Va. 101, 46 S. E. 222; *Franklin* v. *Vandervort*, 50 W. Va. 412, 40 S. E. 374; *State* v. *Carter*, 49 W. Va. 709, 39 S. E. 611; *Knight* v. *Town of West Union*, 45 W. Va. 194, 32 S. E. 163; *Osburn* v. *Staley*, 5 W. Va. 85, 13 Am. Rep. 640; *McCraw* v. *Williams*, 33 Gratt. 510; *Griffin's Ex'or* v. *Cunningham*, 20 Gratt. 31; *Monteith* v. *The Commonwealth*, 15 Gratt. 172; Section 3, Article 5, Chapter 6, Code, 1931; 15 Michie's Jurisprudence, Public Officers, Section 58; 43 Am. Jur., Public Officers, Section 495. It has been said that a de facto officer is subject to removal in direct proceedings but that a de jure officer is not so removable. 67 C. J. S., Officers, Sections 64 and 143. Possession alone of an office makes the possessor a mere intruder or usurper and his acts in the office are wholly void. 43 Am. Jur., Public Officers, Section 477.

As the status of Weaver, when the order of October 25, 1954 was entered, was that of a de facto member of the commission, he was entitled to cast his vote as such and the vote cast by him was valid.

With respect to the status of Hayes, it is not necessary or proper, in the decision of the controlling issue in this proceeding, to consider the question of the validity of his appointment as a member of the commission by Hammond on January 7, 1954, while Hammond was acting

as mayor of the city, or the question whether, by virtue of that appointment, Hayes was a de jure member of the commission. The undisputed fact is that, under that appointment, Hayes took possession and performed and administered the duties of that office in good faith until he was notified of his removal by Maynard, as mayor, on September 17, 1954. At that time Hayes had not abandoned the office to which he had been appointed. He then had physical possession of the office and his possession of the office had not been discontinued. In that situation his status was at least that of a de facto member of the commission. Though the action of Maynard, as mayor, in removing Hayes was confirmed by the circuit court, the order of the circuit court confirming the removal of Hayes was reversed and set aside by this Court on appeal. *Layne* v. *Hayes,* 141 W. Va. 289, 90 S. E. 2d 270. Reversal of that order removed the only impediment to his office and restored him to it without any order to that effect by this Court. *Layne* v. *Hayes,* 141 W. Va. 289, 90 S. E. 2d 270; *Phares* v. *The State,* 3 W. Va. 567. By virtue of the decision of this Court in the *Layne* case, Hayes was not in law removed from office in the proceeding to confirm the action of Maynard, as mayor, in removing him. In consequence, Hayes remained in office as at least a de facto member of the commission and no vacancy had occurred or existed in the office to which Hayes had been appointed when Phillips was appointed to that office by Maynard, as mayor, on October 8, 1954, while the suspension of the order of the circuit court for a period of ninety days from that date was in full force and effect.

In the absence of positive legal provisions indicative of a contrary intention, a vacancy in a public office occurs (1) by the expiration of the term; (2) by the death of the incumbent; (3) by his resignation; or (4) by his removal from office. *State ex rel. Hatfield* v. *Farrar,* 89 W. Va. 232, 109 S. E. 240; *State ex rel. Jones* v. *Ingram,* 135 W. Va. 548, 63 S. E. 2d 828; *Calley* v. *Blake,* 126 W. Va. 696, 29 S. E. 2d 634.

In *State ex rel. Hatfield* v. *Farrar,* 89 W. Va. 232, 109 S. E. 240, in considering the question of a vacancy in a municipal office, this Court held that the act of a member of a city commission in removing from the city and the State after his induction to office does not *ipso facto* create a vacancy in such office and that there is no vacancy until the fact of disqualification has been ascertained, determined and declared. In the opinion in that case this Court said: "In parliamentary law, which governs in cases of the class to which this one belongs, an office is vacated by refusal of the elected member to accept it, communicated to the proper authorities; refusal to qualify; resignation; and death. In all other instances, such as expulsion, adjudication of a controverted election, disqualification by act of the party and acceptance of an incompatible office, ascertainment of the fact and declaration of the existence of the vacancy are necessary. Cush. L. & Pr. Leg. Assemblies, secs. 471 to 478, inclusive."

Except when a vacancy in a public office occurs by refusal to accept the office, by expiration of the term, by death, resignation or removal of the incumbent, or by disqualification of the incumbent by express legislation, a vacancy in such office does not exist until it is declared by competent authority. *Calley* v. *Blake,* 126 W. Va. 696, 29 S. E. 2d 634; *State ex rel. Jones* v. *Ingram,* 135 W. Va. 548, 63 S. E. 2d 828; *The Bland and Giles County Judge Case,* 33 Gratt. 443; *Johnson* v. *Mann,* 77 Va. 265. In *State ex rel. Sommers* v. *Dowell,* 82 W. Va. 240, 95 S. E. 861, L. R. A. 1918D, 1077, this Court said: "Neither the Constitution nor any statute of the state provides that a justice of the peace who accepts an office incompatible therewith thereby vacates the former office." In *The Bland and Giles County Judge Case,* 33 Gratt. 443, the Supreme Court of Appeals of Virginia said: "An office is determined *proprio vigore* by resignation, expiration of term, and removal by competent authority. But in other cases the office is not determined *ipso facto* by the occurrence of

the cause. There must be a judgment of *amotion* after a *judicial ascertainment* of the fact; * * *."

As already indicated, when Phillips was appointed as a member of the commission on October 8, 1954, by the then mayor of the city, Hayes was in physical possession of that office under color of his earlier appointment to it by Hammond, while acting as mayor of the city, and, as he had not been legally or finally removed, no vacancy existed in that office which could then be filled by appointment. At that time the status of Hayes was that of at least a de facto member of the commission and any appointment of Phillips, who evidently knew the status of the proceeding to remove Hayes, to the same office was of no legal force or effect and did not give Phillips the status of either a de jure or a de facto officer as a member of the commission. There can not be a de facto and a de jure officer in the same office at the same time. *State ex rel. Scanes* v. *Babb,* 124 W. Va. 428, 20 S. E. 2d 683; *Holdermann* v. *Schane,* 56 W. Va. 11, 48 S. E. 512, 3 Ann. Cas. 170; *State ex rel. Harris* v. *Blossom,* 19 Nev. 312, 10 P. 430. The text in Section 78, page 119, Constantineau on De Facto Doctrine, contains this statement: "* * * two persons cannot, at the same time, be in the actual occupation and exercise of an office, as officers de facto, when the law provides for one incumbent only." See also *State ex rel. Scanes* v. *Babb,* 124 W. Va. 428, 20 S. E. 2d 683; *McCahon* v. *The Commissioners of Leavenworth County,* 8 Kan. 437; *Conover* v. *Devlin,* 15 How. Pr., N. Y., 470, 6 Abb. Pr. 228; *State ex rel. Robert* v. *Murphy,* 32 Fla. 138, 13 So. 705. In Section 80, page 122, Constantineau on De Facto Doctrine, the author uses this pertinent language: "* * * if a person once gains sufficient possession to become an officer de facto, he is entitled to retain the office until he is ousted by lawful proceedings, no matter what may be the color of title of his adversary. And the latter is not permitted by illegal means, whatever they may be, to dispossess him, and assume his official character. An unlawful intrusion into an office occupied by another,

can only constitute the intruder a usurper." The same author in Section 81, page 124, of the same treatise, also says: "A usurper being a mere trespasser, his possession can not afford him any claim to be regarded as an officer de facto, unless he holds during such length of time and under such circumstances as to give him color of right by reputation, or acquiescence on the part of the public. Barring this exception, his acts are absolutely void."

As Phillips under his appointment of October 8, 1954, had no right or authority to act as a member of the commission his vote to affirm the removal of the petitioner was invalid and of no legal force or effect. See *State ex rel. Hatfield* v. *Farrar*, 89 W. Va. 232, 109 S. E. 240; *Hawver* v. *Seldenridge*, 2 W. Va. 274. The valid vote of Weaver to affirm the action of the council and the valid vote of White to the contrary did not justify the removal of the petitioner by the council and, as the order of the commission was not sustained by the valid votes of a majority of its members, the commission failed to justify the removal of the petitioner. A person who is neither a de jure nor a de facto member of the civil service commission of a municipality composed of three commissioners, but who assumes to act at a hearing by it to consider the action of the council of the municipality in removing the chief of its fire department, is not entitled to vote as a member of the commission; and the decision of the commission, based upon the invalid vote of such person and the valid vote of a de facto member to affirm, and the valid vote of a de jure member not to affirm, the action of the council, does not sustain the action of the council in removing the chief of the fire department. Under Section 13, Article 6A, Chapter 88, Acts of the Legislature, Regular Session, 1949, the failure of the commission, by a valid vote of a majority of its members, to justify the action of the council in removing the chief of the fire department, reinstates him in that office with full pay for the entire period during

which he may have been prevented from performing his usual employment.

The determination of the status of Weaver, Hayes and Phillips or the legal effect of the acts of Weaver and Phillips as members of the commission does not, of course, adjudicate or determine the title or the right of either of them, or of Hayes, to the office of member of the commission. The right or the title of an incumbent of a public office can not be questioned or determined as to such incumbent in any proceeding to which he is not a party. *Lockhart* v. *Wiseman,* 139 W. Va. 306, 80 S. E. 2d 427; *State ex rel. Jones* v. *Ingram,* 135 W. Va. 548, 63 S. E. 2d 828; *Calley* v. *Blake,* 126 W. Va. 696, 29 S. E. 2d 634; *Webb* v. *City of Williamson,* 107 W. Va. 375, 148 S. E. 324; *State ex rel. Sommers* v. *Dowell,* 82 W. Va. 240, 95 S. E. 861, L. R. A. 1918D, 1077. This sound and firmly established principle, however, does not preclude present consideration and determination of the validity of the acts of Weaver and Phillips in connection with the action of the commission relating to the removal of the petitioner, for the purpose of adjudicating the issues here presented and involved between the parties to this proceeding, independently of any question affecting the title or the right of Weaver, or Phillips, or Hayes to the office of member of the commission which, as already pointed out, can be adjudicated as to any of them only in a proper proceeding in which the person whose title or right to the office is challenged or called in question is a party. In that connection, this Court has considered the status of a public officer and the legal effect, as to third parties, of the official acts of a public officer, in cases in which such officer was not a party, entirely independently of any adjudication of the title or the right of such officer to the office. See *State ex rel. Hatfield* v. *Farrar,* 89 W. Va. 232, 109 S. E. 240; *State ex rel. Sommers* v. *Dowell,* 82 W. Va. 240, 95 S. E. 861, L. R. A. 1918D, 1077; *Old Dominion Building and Loan Association* v. *Sohn,* 54 W. Va. 101, 46 S. E. 222. The questions relating to these

completely different matters are wholly separate and distinct.

There is no merit in the contention of the petitioner that even if the action of the commission, by its order of October 25, 1954, could be considered as valid, which he denies, the action of the commission, in which White, Gruber, and Phillips participated, by its order of May 2, 1955, in suspending the petitioner for a period of sixty days from September 11, 1954 and in reinstating him, restored him to his office and entitled him to the office and the payment of his salary during the time he was wrongfully deprived of its occupancy. The statute provides that in the event the civil service commission shall sustain the action of the removing officer the person removed shall have an immediate right of appeal to the circuit court of the county in which the municipality is situated. The statute, however, makes no provision for any rehearing by the commission of its decision in sustaining the action of the removing officer. When the commission met on May 2, 1955, the proceeding to remove the petitioner had ended and the time within which an appeal from the order of the commission of October 25, 1954 could have been taken by the petitioner to the circuit court had expired. It does not appear that at that meeting any charges against the petitioner, any answer to them by him, or any proof was presented to or considered by the commission. Even if the commission was authorized to rehear the matter, a question which need not now be determined, the action of the commission at that time in suspending the petitioner for a period of sixty days from September 11, 1954 and in restoring him to his office, from which his removal had been affirmed by its prior order of October 25, 1954, the effect of which had not then been finally determined, constituted, in effect, an attempt by the commission to reappoint the petitioner to the office. This the commission was without power or authority to do for, by the charter of the City of Williamson, the power to appoint him was vested in the council of the city and not in the

commission. For these reasons the action of the commission at its meeting on May 2, 1955 was of no force or effect with respect to his status as chief of the fire department of the city. Furthermore, by reason of the failure of the commission by a valid vote of a majority of its members to sustain the removal of the petitioner he was, by virtue of the statute, reinstated to his office with full pay for the entire period during which he had been prevented from performing his employment; and any subsequent action by the commission, upon the same charges, at its meeting on May 2, 1955, could not affect the status of the petitioner or his right to his office.

For the reasons stated the writ of mandamus, as prayed for in the petition, is awarded.

*Writ awarded.*